PHILIP McANANY, Respondent, v. CHARLES P. SHIPLEY, Appellant.

### Kansas City Court of Appeals, February 15, 1915.

1. **NEGLIGENCE: Falling Board: General Negligence: Evidence: Presumption.** A tenant occupied a house adjoining the sidewalk of a street in a city and a loose board fell from the house and struck a pedestrian doing him injury. He brought an action for damages against the tenant pleading general negligence only. But in the proof he showed the cause of the accident, specifically and fully. It was *held*, that an instruction giving him the benefit of a presumption as to the defendant's negligence was erroneous.

2. ———: ———: ———: ———. A plaintiff, under a petition declaring on general negligence, who introduces evidence of specific negligence, is not entitled to the aid of a presumption under the rule *res ipsa loquitur,* unless such evidence fails to fully show the cause of the accident.

Appeal from Jackson Circuit Court.—*Hon. Jos. A. Guthrie,* Judge.

REVERSED AND REMANDED.

*W. W. Calvin* for appellant.

(1) The demurrer offered by the defendant, at the close of the plaintiff's testimony, should have been

sustained. Smart v. Kansas City, 91 Mo. App. 586; Stanley v. Railroad, 114 Mo. 606; Epperson v. Telegraph Co., 155 Mo. 346; Warner v. Railroad, 178 Mo. 125; Smith v. Bank, 99 Mass. 605; Searless v. Railroad, 101 N. Y. 661; Walters v. Ross, 100 Minn. 7, 110 N. W. 252, 12 L. R. A. (N. S.) 721; Ryder v. McKenzie, 62 Minn. 85, 34 L. R. A. 557; O'Dell v. Soloman, 99 N. Y. 635, 18 Jones & S. 119; Knorpp v. Wagner, 195 Mo. 638; Smith v. Box Co., 193 Mo. 716; Thornbury v. Mining Co., 126 Mo. App. 660; Whaley v. Coleman, 113 Mo. App. 595. (2) The demurrer offered by the defendant at the close of all the testimony, should have been sustained. Cases supra, and 71 Cyc. 227; Banks v. Railroad, 40 Mo. App. 458; Walter v. Railroad, 59 Mo. App. 410; Saxton v. Railroad, 98 Mo. App. 494 Wendall v. Railroad, 100 Mo. App. 556; Rogers v. Printing Co., 103 Mo. App. 683; Anderson v. Box Co., 103 Mo. App. 382; Bowen v. Railroad, 95 Mo. 268; Sullivan v. Railroad, 133 Mo. 1; Fuchs v. St. Louis, 167 Mo. 620; Meade v. Montrose, 160 S. W. 11. (3) Instruction number 1, given on behalf of the plaintiff, was erroneous. McGrath v. Transit Co., supra and cases supra; Cothran v. Packing Co., 98 Mo. App. 343; Lee v. Jones, 181 Mo. 291; Graef v. Transit Co., 224 Mo. 232; Bowman v. Car Co., 226 Mo. 253. (4) It was error for the court to refuse to give instructions 1, 4, 7, 8, 10 and 11 (D), in the form as the same were offered by the defendant. Brunke v. Telephone Co., 115 Mo. App. 37; Keppes v. Brown Shoe Co., 116 Mo. App. 155; McCord Rubber Co. v. Water Co., 181 Mo. 679; Nephler v. Woodward, 200 Mo. 189; Baddeley v. Shea, 33 L. R. A. 747.

*W. F. Guthrie, L. C. Boyle, C. M. Howell* and *A. F. Smith* for respondent.

(1) The evidence raised a question for the consideration of the jury, both by direct evidence and the doctrine of *res ipsa loquitur*. Dougherty v. Railroad, 9

Mo. App. 478; Gallagher v. Illuminating Co., 72 Mo. App. 576; Turner v. Hare, 114 Mo. 346. (2) The doctrine of *res ipsa loquitur* finds approval in Missouri. Hunt v. Railroad, 14 Mo. App. 160; Bevis v. Railroad, 26 Mo. App. 19; Hill v. Scott, 38 Mo. App. 370; Seiter v. Bischoff, 63 Mo. App. 157; Stoher v. Railroad, 91 Mo. 509; Blanton v. Dold, 109 Mo. 64; Sackewitz v. Basket Co., 78 Mo. App. 144; Gannon v. Gaslight Co., 145 Mo. 502; Tateman v. Railroad, 96 Mo. App. 448; McCarthy v. Railroad, 105 Mo. App. 596; Cleary v. Transit Co., 108 Mo. App. 433; Lee v. Railroad, 112 Mo. App. 372, 406; Kelly v. Railroad, 113 Mo. App. 468; Gannon v. Gaslight Co., 145 Mo. 502; Mowry v. Norman, 204 Mo. 191; Winn v. Modern Woodmen, 157 Mo. App. 11; Clonts v. Gaslight Co., 160 Mo. App. 457; Link v. Jackson, 158 Mo. App. 63; Davidson v. Railroad, 164 Mo. App. 701; McCrary v. Henrice, 238 Mo. 103. (3) Plaintiff was entitled to prove negligence by the presumption, and not required to prove specific negligence. Werner v. Railroad, 138 Mo. App. 1. (4) The measure of responsibility. We admit the rule claimed by defendant as to the degree of care required. That was the rule submitted by the instructions, q. v. (5) Although plaintiff had pleaded general negligence, he was entitled to prove specific negligence, and was not thereby deprived of the benefit of the presumption arising from the fall of the board. Price v. Railroad, 220 Mo. 435; Freeman v. Foreman, 141 Mo. App. 359; Wolven v. Traction Co., 143 Mo. App. 643. (6) Instruction number one on behalf of the plaintiff was not erroneous. Price v. Railroad, 220 Mo. 444, 457.

ELLISON, P. J.—Plaintiff's action was instituted to recover damages for personal injuries alleged to have been inflicted through the negligence of defendant. The judgment in the trial court was for the plaintiff.

Defendant was the tenant in possession of a certain building situate within a few feet of the street and sidewalk in Kansas City. Plaintiff was struck and injured by a board which was blown from the building while he was passing along the walk. The petition charges general negligence only. But plaintiff himself assumed to prove and did prove specific negligence by clearly and fully showing just what caused the accident. It was this: That defendant had been tenant of the building for nearly two years before plaintiff was hurt, and that a board, or piece of crown moulding, about fourteen feet long nailed under the eaves was blown or fell off and struck plaintiff on its descent to the ground. He showed that the building was old and that the board had been loose for a long time and that it could be plainly seen and was seen to be swinging "in and out at one end" which was hanging down. Among other witnesses who gave testimony of such character, was one who stated that while observing the board, he said to some one with him that, "that will drop off some day and hurt somebody." This remark was stricken out by the court, but it serves to illustrate the particularity of the showing of what caused the accident. Plaintiff also demonstrated to the jury just how and why it happened. He had the board at the trial as an exhibit to the jury and he proved, particularly, its condition the day it fell, that is, that the nails were old and rusty, that there were no sound nails in it and that some were "rusted off" and some "rotted" enough that they would not hold the board.

We therefore have this condition of case: Plaintiff, by his petition, founded his action on general negligence in reliance upon the doctrine of *res ipsa loquitur*, whereby a presumption of law would take the place of proof, and by his evidence abandoned that theory and, as we have said, showed particularly how the matter transpired. The rule, *res ipsa loquitur*, aids the injured person who does not know why a certain catas-

trophe happened, or does not fully know and needs the aid of a presumption to complete his case. But if he knows, just how it came to happen and just what caused it, and proves it, there is neither room nor necessity for a presumption. In McGrath v. St. Louis Transit Co., 197 Mo. 97, it is held that if a plaintiff chooses to rely wholly upon specific negligence, and so states his case in his petition, he will not be allowed to also ask the aid of the presumption arising under the rule of *res ipsa loquitur.* [Roscoe v. Ry. Co., 202 Mo. 576, 587; Orcutt v. Century Bldg. Co., 201 Mo. 424, 443.] The same thing, of course, must be said where his petition is based on general negligence, and his evidence on specific negligence, showing fully how and why the accident happened. In Cassady v. Old Colony Street Ry., 184 Mass. 156, the law is stated, ''that where the evidence shows the precise cause of the accident . . . there is, of course, no room for the application of the doctrine of presumption.'' That case is cited with approval in Price v. Street Ry. Co., 220 Mo. 435, 456. In both cases the rule is stated that where there is evidence of specific negligence the rule, *res ipsa loquitur,* can only be invoked when such evidence leaves the cause of the catastrophe *in doubt.* In the latter case, the Supreme Court said that the plaintiff proving some specific acts of negligence ''does not lose her the right of resting on the presumption, *if the evidence so introduced does not clearly show what did cause the accident.*'' (Italics ours.) On the question of presumption where the facts have been shown see the late case of Burge v. Railroad, 244 Mo. 76, 94-96.

Plaintiff having chosen to show specifically and fully the cause of his injury, asked and secured an instruction giving him the full benefit of the presumption we have been discussing. It was clearly error. The judgment will be reversed and the cause remanded. All concur.