LIZZIE CECIL, Respondent, v. ROLLA WELLS, Receiver of UNITED RAILWAYS COMPANY OF ST. LOUIS, a Corporation, and BIG BEND QUARRY COMPANY a Corporation, Appellants.

St. Louis Court of Appeals. Opinion Filed February 5, 1924.

1. **CARRIERS OF PASSENGERS: Duty to Passenger: Must Exercise Highest Degree of Care for Safety.** A common carrier owes to a passenger the duty to exercise the highest degree of care for the safety of the passenger.

2. **STREET RAILROADS: Negligence: Collision: Injury to Passenger: Negligence Presumed.** Proof of a collision and consequent injury to plaintiff, though it be a collision between defendant's street car in which plaintiff was a passenger and a vehicle not under the control of such defendant, gives rise to a presumption of negligence on the part of such defendant through the application of the rule of *res ipsa loquitur*, casting upon said defendant the duty of showing that the collision was due to some cause which the exercise of the highest degree of care on its part could not have avoided.

3. ———: ———: ———: ———: **Prima Facie Case Made Under Res Ipsa Loquitur Rule: Not Destroyed by Oral Evidence of Due Care.** Where the *res ipsa loquitur* rule applies in an action for personal injuries sustained by plaintiff while a passenger upon a street car, a prima-facie case made by plaintiff cannot be repelled and utterly destroyed by oral proof tending to show due care on the part of the defendant carrier; and whether the carrier has explained the happening of the casualty consistent with due care on its part remains a question for the jury.

4. ———: ———: ———: ———: **Evidence: Effect of Testimony in Plaintiff's Behalf: Inferences: Question for the Jury.** In an action for personal injuries sustained by plaintiff while a passenger upon a street car, where the carrier did not undertake to carry the burden of coming forward with evidence tending to explain the casualty consistent with due care on its part, no testimony being offered in its behalf, it was for the jury to determine whether the testimony in plaintiff's behalf and the inferences arising therefrom were such as to relieve the carrier from liability in the premises.

214 M. A.—13

5. **INSTRUCTIONS: Street Railroads: Collision: Injury to Passenger: Degree of Care: Res Ipsa Loquitur Rule: Instruction Charging Negligence in General Terms: Not Erroneous.** In an action for personal injuries sustained by plaintiff while a passenger on a street car resulting from a collision between said car and a motor truck, an instruction authorizing a verdict against the defendant carrier if the motorman in charge of said street car failed to exercise the highest degree of care in the operation of said car, and thereby directly contributed to cause the collision referred to in the evidence, *held* not error as authorizing a verdict for plaintiff upon a general finding that defendant carrier was negligent in the premises, leaving the jury to construct any theory of negligence which they might evolve without regard to the evidence; it being the duty of said defendant carrier under the *res ipsa loquitur* rule, to show that the collision did not occur through any negligence on its part in the operation of its car.

6. ————: ————: ————: **Damages: Measure of Damages: Instruction Not Erroneous.** An instruction in the usual form telling the jury what may be taken into consideration in assessing plaintiff's damages if they find for plaintiff, *held* not erroneous, because it did not require the jury to find that plaintiff suffered any damage as a result of the alleged collision particularly in view of the fact that the only instruction given on the question of liability required the jury to find that plaintiff was injured.

7. ————: ————: ————: ————: **Injuries Not Controverted: Not Prejudicial Error to Assume the Fact in an Instruction.** Furthermore, since the fact that plaintiff was injured as result of the casualty, convincingly shown by her testimony and that of her physicians, was in no wise controverted at the trial, it is not prejudicial error to assume such fact in an instruction.

8. ————: ————: ————: ————: ————: **Medical Expenses: Instruction Allowing Medical Expenses up to the Time of Filing Amended Petition: Not Error.** Where, in an action for personal injuries, an amended petition averred that plaintiff incurred liability for medical treatment in the sum of $250 and would be compelled to incur liability for and expend large sums of money in the future, and the evidence shows that the reasonable value of the services rendered to plaintiff by her physicians in and about the treatment of her injuries was in excess of $125, defendant was in no way prejudiced by an instruction to allow plaintiff not to exceed $125 up to the time of filing such petition, though it be that the amended petition related back to the filing of the original petition; the instruction being within both the pleadings and the proof.

Cecil v. Wells.

9. ———: ———: ———: ———: Loss of Earnings: Instruction Authorized by Pleadings and Proof. In an action for personal injuries, an instruction authorizing a recovery for the loss of earnings at not more then $3 a day to the date of filing plaintiff's amended petition, *held* the instruction does not go beyond the purview of either the pleadings or the proof.

10. ———: ———: ———: ———: Diminished Earning Capacity: No Limit Placed by Petition: Instruction Not Erroneous. Where the petition in an action for personal injuries alleged that plaintiff had lost her earnings since the date of the injury, and would lose the earnings of her labor in the future, an instruction allowing a recovery on account of diminished earning capacity, and loss of earnings past and future, in estimating her damages, *held* not prejudicial error as allowing a recovery on account of diminished earning capacity without regard to the limitation placed thereon in the petition, as the petition does not place a limit upon the recovery for future loss of earnings or diminished earning capacity.

11. APPELLATE PRACTICE: Evidence: Motion to Strike Out as Not Competent: Too Indefinite to Raise Question of Conclusion, etc. A motion to strike out testimony that a street car was going fast at the time it collided with a motor truck as not competent, *held* too indefinite to raise the question that the testimony was a mere conclusion of the witness and invaded the province of the jury.

12. WITNESSES: Non-Expert: Admission of Non-expert Testimony as to Speed of Street Car: Not Prejudicial Error. In an action against a street car company and another for damages for personal injuries sustained by a passenger on the street car in a collision between the street car and a motor truck, the admission of testimony of plaintiff, a non-expert witness, that the car was going faster than cars usually go at the place of the accident, *held*, the reception of this testimony did not constitute prejudicial error.

13. EVIDENCE: Expert Witnesses: Hearsay, etc: Question Asked Physician as to Whether Injuries Could Have Been Produced by Street Car Accident: Affirmative Answer: Competent. A question asked a physician as to whether the condition of the plaintiff could have been produced by an injury such as he found upon her person happening in a street car accident, which question was answered in the affirmative, *held* not objectionable, as infringing upon the hearsay rule nor as being a conclusion of the witness invading the province of the jury, it being competent for an expert medical witness, in response to a hypothetical question, to give his opinion that an injury was the cause of a disease or condition found in the injured person.

14. **DAMAGES:** Excessive Damages: $5000.00 Not Excessive Under the Evidence. Where the evidence for plaintiff tends to show that as a result of a collision between a street car and a motor truck, her back, head and neck were injured, her left shoulder and her right wrist and thumb sprained; that she suffered a slight concussion of the brain, and received various bruises and contusions about her body; that as a result of her injuries she suffered great pain, nervousness, and vomiting, together with urinary and menstrual disturbances; and that her hearing became impaired, and the evidence of the medical experts in her behalf tends to show that the impairment of her hearing is permanent and will grow progressively worse and that the injury to her back is of a permanent character, a verdict for $5000 *held* not excessive.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. H. A. Hamilton,* Judge.

AFFIRMED.

*T. E. Francis, Charles W. Bates* and *Carter, Nortoni & Jones* for appellant, *Rolla Wells,* Receiver.

*Watts, Gentry & Lee* for appellant Big Bend Quarry Company.

*N. Murry Edwards* and *Charles E. Morrow* for respondent.

ALLEN, P. J.—This is an action for personal injuries sustained by plaintiff while a passenger upon a street car operated by the defendant Rolla Wells as Receiver of the United Railways Company of St. Louis, resulting from a collision between said car and a motor truck operated by a servant of the defendant Big Bend Quarry Company, alleged to have been occasioned by the negligence of said defendants. The trial below, before the court and a jury, resulted in a verdict and judgment for plaintiff in the sum of $5000 against both defendants, and both defendants have appealed to this court.

As to the defendant Rolla Wells, the petition is drawn so as to invoke the rule of *res ipsa loquitor*, aver-

ring that while plaintiff was a passenger for hire upon the street car, operated by that defendant as a common carrier, that defendant negligently caused and permitted the car to come into collision with the truck mentioned, whereby plaintiff sustained her injuries. As to the defendant Big Bend Quarry Company, specific acts of negligence are charged in respect to the operation of its truck; but it is unnecessary to set out these averments. The evidence for plaintiff shows that early on the morning of January 12, 1921, plaintiff was a passenger upon a westbound car operated by defendant Wells on what is known as the Market street line of cars in the city of St. Louis, sitting on the south side of the car in the second or third seat from the front end thereof; and that she was injured by reason of a collision between this westbound car and a motor truck of the defendant Big Bend Quarry Company, which was proceeding northeast on Clayton Road, a public highway intersected by said street car tracks. At this place the defendant Rolla Wells maintains two parallel street car tracks, extending east and west along the south side of Forest Park and immediately adjacent thereto; the north track being for the operation of west bound cars and the south track for the operation of east bound cars. Immediately south of these tracks lies Oakland avenue, a public street extending east and west. The car tracks are on a private right-of-way, and Clayton Road, at the point of its intersection with said tracks, extends approximately from southwest to northeast, entering Forest Park.

Plaintiff did not see the approaching truck until immediately prior to the collision; but from the testimony of a witness in her behalf, who was on Clayton Road about one hundred feet from the point of the collision, it appears that when the truck was approximately one hundred feet from the westbound car track the street car was approximately one hundred and fifty feet east of the crossing, at which time the motorman of the street car began to sound his gong, and that he continued to sound it until about the time of the collision; that the truck was

proceeding at about ten or twelve miles per hour, and continued to approach the car tracks, the driver thereof not looking straight ahead but toward some young ladies who were upon the lawn or campus of a school situated east of Clayton Road and just south of Oakland avenue; and that the motorman did not check the speed of the street car until it was near the crossing. This witness said: "When the motorman seen that the automobile wasn't checking up he begun to slow down, and just at that time when he began to slow down they came together." And he said that the truck struck the car at the rear corner of the front vestibule, just behind the sand box; that the car continued forward but a few feet after the collision; and that both vehicles, as he thought, were "going just about eight or ten miles an hour when they came together." On cross-examination he said that when the motorman began to check the speed of the car "it was pretty near to the corner"—about twenty or thirty yards—from Clayton Road.

The testimony in plaintiff's behalf further shows that as the collision was impending the motorman of the street car abandoned his post and ran toward the rear of the car; that the impact of the truck was very violent, tearing away certain portions of the car; that a piece of timber from the car struck plaintiff upon the head, and she was thrown from her seat, receiving severe injuries.

The driver of the truck of the defendant Big Bend Quarry Company was called as a witness for plaintiff and testified that, though his view was unobstructed at this place, he did not see the street car until he was about seven feet from it because "the light of the sun was shining on the wind shield."

At the close of plaintiff's case each defendant offered a peremptory instruction in the nature of a demurrer to the evidence; and these being refused, neither defendant proffered any testimony.

Such further reference to the facts and the proceedings below as may appear necessary will be made in the course of the opinion.

I.

The defendant Big Bend Quarry Company makes no contention that its demurrer to the evidence should have been sustained. Defendant Wells, however, contends that the trial court erred in refusing to peremptorily direct a verdict for him. The argument in support of this assignment of negligence is, in brief, that though, as to this defendant, "the presumption of negligence involved in the doctrine *res ipsa loquitur* obtained, this presumption was rebutted and overcome by the evidence introduced on the part of plaintiff;" that the evidence adduced by plaintiff shows, as a matter of law, that the collision occurred through no fault of this defendant but solely because of the negligence of the driver of the truck of the defendant Big Bend Quarry Company.

But it is quite clear that the demurrer of defendant Wells, as well as that of his codefendant, was well ruled. Defendant Wells, as a common carrier, owned to plaintiff, a passenger, the duty to exercise the highest degree of care for her safety. Proof of the collision, and consequent injury to plaintiff, though it be a collision between this defendant's car, in which plaintiff was a passenger, and a vehicle not under the control of this defendant, gives rise to a presumption of negligence on the part of this defendant through the application of the rule of *res ipsa loquitur*, casting upon said defendant the duty of showing that the collision was due to some cause which the exercise of the highest degree of care on his part could not have avoided. [See: Stauffer v. Railroad, 243 Mo. 305, 147 S. W. 1032; Olsen v. Railway Co., 152 Mo. 426, 54 S. W. 470; Miller v. United Rys. Co., 155 Mo. App. 528, 134 S. W. 1045; Yates v. United Rys. Co., 222 S. W. (Mo. App.) 1034; Moran v. Kansas City Railways Co., 232 S. W. (Mo. App.) 1111.] And in cases of this character, to which the *res ipsa loquitur* rule applies, a prima-facie case thus made by the plaintiff cannot be repelled and utterly destroyed by oral proof tending to show due care on the part of the defendant. Whether the carrier has

explained the happening of the casualty consistent with due care on its part remains a question for the jury. [See: Brown v. Railroad, 256 Mo. 522, 165 S. W. 1060; Anderson v. Kansas City Railways Co., 233 S. W. 203, and authorities there cited.] Indeed, this defendant did not undertake to carry the burden of coming forward with evidence tending to explain the casualty consistent with due care on his part, no testimony being offered in his behalf. And it cannot be doubted that it was for the jury to determine whether the testimony in plaintiff's behalf and the inferences arising therefrom were such as to relieve this defendant from liability in the premises. Such was our holding in Gibson v. Rolla Wells and Big Bend Quarry Company—a case arising out of the same collision—recently decided and not as yet reported. In the opinion therein by NIPPER, C., further authorities are collated supporting the views expressed above.

## II.

No instructions were given at plaintiff's request except one on the measure of damages. At the request of the defendant, Big Bend Quarry Company, the court gave the following instruction:

"If the jury find from the evidence in this case that the driver of the motor truck mentioned in the evidence negligently failed to exercise ordinary care to avoid collision with the street car mentioned in the evidence, and thereby directly contributed to cause injury to plaintiff, then your verdict may be in favor of the plaintiff and against the defendant Big Bend Quarry Company; and if you further find from the evidence that the motorman in charge of said street car on said occasion negligently failed to exercise the highest degree of care in the operation of said car and thereby directly contributed to cause the collision referred to in the evidence, and such injury, if any, as plaintiff sustained, then you may also find against the defendant Rolla Wells, Receiver of the United Railways Company of St. Louis."

Defendant Rolla Wells contends that the giving of this instruction constituted reversible error as to him "in that it authorizes a verdict against him and is so general in character as to permit the jury to roam without compass or chart and evolve any sort of a theory of negligence it saw fit as to him, without regard to what the evidence tended to prove." • It is said that "such instructions are always denounced as reversible error, even though the allegation (of the petition) be a general one, as in the instant case."

In support of this assignment of error cases are cited holding that, though the petition charges negligence in general terms, the instructions must submit the specific negligence, if any, shown by the evidence and must not authorize a verdict for the plaintiff upon a general finding that defendant was negligent in the premises, leaving the jury to construct any theory of negligence which they may evolve. [See, e. g., Sommers v. St. Louis Transit Co., 108 Mo. App. 319, 83 S. W. 268; Mulderig v. St. Louis, etc., R. R. Co., 116 Mo. App. 655, 94 S. W. 801.] But cases of this character are not here in point. And the rule invoked, which is, indeed, sound enough in other negligence cases in general, has no application to a case proceeding under the *res ipsa loquitur* rule and where, as here, the evidence is such as entitle the plaintiff to the benefit of the presumption aforesaid arising by virtue of such rule. In cases of the character of that before us an instruction is proper which, after requiring the jury to find that the plaintiff was a passenger on the car of the defendant carrier, and stating the obligation due from the defendant to the plaintiff by virtue of the relation of passenger and carrier, tells the jury that if they find that the car came into collision with another car (or other object) and that plaintiff was injured thereby, then the presumption is that such collision was occasioned by some negligence of the defendant, and under the law the duty is cast upon the defendant to rebut this presumption of negligence and "establish the fact that there was no negligence on its part, and that the injury, if any, was occasioned by inevitable accident, or by some cause which

such highest degree of care could not have avoided." Instructions of this character have been repeatedly approved by our courts in cases of this nature. [See Price v. Metropolitan Street Railway, 220 Mo. 435, l. c. 444, 457 et seq. and authorities discussed, 119 S. W. 932; Powell v. Railroad 255 Mo. 420, l. c. 453, 458, 164 S. W. 628; Simpson v. Chicago, etc., Ry. Co., 192 S. W. 739; Johnson v. Kansas City Rys. Co., 233 S. W. 942, l. c. 944.] Obviously such instructions are more general, in form, in submitting the question of the defendant's negligence, than the instruction under consideration in the instant case. The instruction before us is unduly favorable to defendant Wells, in that it does not reckon with the presumption aforesaid. In authorizing a verdict against that defendant if the jury find that the motorman "negligently failed to exercise the highest degree of care in the operation of said car and thereby directly contributed to cause the collision referred to in the evidence," the instruction is in keeping with the law applicable to such situation. If, in the circumstances of the case, it was the duty of this defendant to show that the collision did not occur through any negligence on its part in the operation of the car, surely it was not error to authorize a recovery upon a finding that said defendant negligently failed to exercise the highest degree of care in the operation of the car and thereby directly contributed to cause the collision. The giving of an instruction of this type is expressly approved in Olsen v. Citizens Railway Company, supra; which ruling we followed in the recent case of Yates v. United Railways Co., 222 S. W. 1034.

We consequently rule this assignment of error against the defendant Wells.

## III.

Both defendants complain of plaintiff's instruction on the measure of damages, which is as follows:

"The court instructs the jury that, if you find for the plaintiff, the damages which you may award her should be a fair and reasonable compensation to her for her in-

juries, if any, which you may believe from the evidence she has sustained, and in estamating such damages you may take into consideration the nature and extent of the physical injuries inflicted, if any, and whether or not they are permanent, as you may believe from the evidence.

"You may also take into consideration in estimating her damages and allow plaintiff for liability incurred for medical and surgical treatment and attention, if any, in the necessary treatment of her injuries, if any, to the reasonable value thereof, not to exceed on that account the sum of $125, up to the time of the filing of plaintiff's amended petition herein on the 7th day of January, 1922. You may also take into consideration in estimating her damages and allow plaintiff for loss of earnings by her labor directly caused by her injuries, if any, if you so believe from the evidence, to the reasonable value thereof, not to exceed $3 per day, up to the time of the filing of plaintiff's amended petition as aforesaid.

"And while the evidence may not prove any specific sum in dollars and cents that plaintiff may have been damaged by reason of physical pain and mental anguish, yet you may allow her what you believe to be just and fair to compensate her for such sufferings, if any.

"You may also take into consideration in estimating her damages, her diminished capacity for earning money, directly caused by her injuries, if any, if you so believe from the evidence, and on account thereof make her such allowance as you may believe to be fair and just for any loss that you may believe from the evidence she has sustained in the past and since the date of filing her amended petition herein, as aforesaid, by reason thereof, and for any loss you may believe from the evidence she will sustain in her future earnings by reason of such diminished earning capacity, if any, as may be occasioned by her ininjuries."

Defendants assert that this instruction is erroneous for the reason that it does not require the jury to find that the plaintiff suffered any damages as a result of the col-

lision. This contention cannot be upheld. The instruction, in this respect, is in the usual form, telling the jury what may be taken into consideration in assessing plaintiff's damages *if they find for plaintiff*. The jury could not well find for plaintiff without finding that she suffered injury and damage as a result of the collision, particularly in view of the fact that the only instruction given on the question of liability, viz., that discussed above, requires the jury to find that plaintiff was injured. [See Powell v. Railroad, supra; Hoover v. St. Louis Electric Terminal Railway Company, 227 S. W. 77.] Furthermore, in the circumstances of the case, since the fact that plaintiff was injured as a result of the casualty, convincingly shown by her testimony and that of her physicians, was in no wise controverted at the trial, it would not be prejudicial error to assume the fact in an instruction. [Hoover v. St. Louis Electric Terminal Railway Company, supra.]

A further contention is that this instruction is erroneous in allowing a recovery for expenses of medical attention up to the time of the filing of the amended petion herein. The original petition was filed March 14, 1921; and the amended petition, upon which the case was tried, was filed on January 7, 1922. The amended petition avers that plaintiff has been caused to incur liability for medical treatment in the sum of $250, "and will be so compelled to incur liability for and expend large sums of money in the future." The evidence shows that the reasonable value of the services rendered to plaintiff by her physicians, in and about the treatment of her injuries, prior to January 7, 1922, was in excess of $125. Consequently, though it be that the amended petition related back to the time of the filing of the original petition, in view of the character of the pleading and the proof touching the matter, defendant was in no way prejudiced by this portion of the instruction. In this respect the instruction is within both the pleadings and the proof.

The instruction is further complained of on the ground that it erroneously authorizes a recovery for loss

of earnings, not to exceed three dollars a day, without evidence to support the same, and that it was error to permit such recovery to the date of the filing of the amended petition. But we perceive no merit in these contentions. The petition alleges that plaintiff "was employed and earning as a laundress the sum of $3.50 per day, and that plaintiff has lost the earnings of her labor since the date of her injuries and will lose the earnings of her labor in the future." Plaintiff's testimony is that prior to her injury she was earning, as a laundress, $3.15 a day, i. e. eighteen dollars a week and her car fare; that for three months following her injury she was unable to work, and thereafter could work but two or three days per week. In permitting the jury, in assessing plaintiff's damages, to take into consideration her loss of earnings and allow her therefor "to the reasonable value thereof, not to exceed $3 per day up to the plaintiff's amended petition," the instruction does not go beyond the purview of either the pleadings or the proof.

A still further contention is that the latter part of the instruction erroneously allows a recovery on account of diminished earning capacity without regard to the limitation placed thereon in the petition. But the petition does not place a limit upon the recovery for future loss of earnings, or diminished earning capacity.

We see no just ground upon which defendants may claim prejudicial error by reason of the giving of this instruction.

## IV.

In the course of her testimony plaintiff, when asked whether she knew the speed of the street car prior to the collision, said: "I don't know just how fast it was going, but it was fast." Counsel for defendant Wells moved that the words "but it was fast," be stricken out, as being "not competent;" which motion was overruled. This defendant now complains of this ruling, arguing that the testimony was a mere conclusion of the witness and invaded the province of the jury. But obviously the motion

was too indefinite to raise this question, and the ruling could not constitute reversible error.

Likewise, over the objections of this defendant, plaintiff was permitted to testify that the car was going faster than cars usually go at this place. And this is assigned as error. Plaintiff, a non-expert witness, was unable to say how fast, in miles per hour, the car was proceeding. Under the circumstances, the reception of this testimony did not constitute prejudicial error. [See Niehaus v. United Railways Company, 165 Mo. App. 606, l. c. 615, 148 S. W. 389.]

## V.

Dr. Bell, who was called to treat plaintiff shortly after the casualty, gave testimony fully describing her injuries and the condition in which he found her. He was then asked: "Now, doctor, could these conditions that you found, and these matters that you have told about have been produced by an injury such as you found upon her person happening in a street car, in an accident in a street car on the morning of the day on which you first treated her? Could they or might they have been produced by that? This was objected to by counsel for defendant Wells as being "incompetent, calling for a mere conclusion of the witness, wholly hearsay statement, and invading the province of the jury." The objection was overruled, the witness answered in the affirmative. It is now contended that this ruling constitutes reversible error. We regard it as clear that the question was not open to the objection lodged against it. Obviously it does not infringe upon the hearsay rule. Neither is it objectionable as being a conclusion of the witness, invading the province of the jury, even under the old rule with which the bench and bar of this State have long been familiar. [See Wagner v. Kansas City, 186 S. W. 1129, and cases cited.] And, indeed, in the recent case of O'Leary v. Scullin Steel Company (not as yet published), our Supreme Court—departing from the prior rule of decision in this State touching this matter—held that it is competent

for an expert medical witness, in response to a hypothetical question, to give his opinion that an injury *was the cause* of a disease or condition found in the injured person.

## VI.

Defendant Big Bend Quarry Company complains that the verdict is excessive. The testimony for plaintiff tends to show that, as a result of the collision, her back, head and neck were injured, her left shoulder and her right wrist and thumb sprained; that she suffered a slight concussion of the brain, and received various bruises and contusions about her body; that as a result of her injuries she suffered great pain, nervousness and vomiting, together with urinary and menstrual disturbances, and that her hearing became impaired. And the testimony of the medical experts in her behalf tends to show that the impairment of her hearing is permanent and will grow progressively worse; and that the injury to her back is of a permanent character.

We would not be warranted in disturbing the verdict as being excessive.

We perceive no error in the record prejudicial to either of the defendants, and it follows that the judgment should be affirmed. It is so ordered. *Becker,* and *Daues, JJ.,* concur.