JOHN F. SMITH, RESPONDENT, v. CREVE COEUR DRAYAGE AND MOTORBUS COMPANY, APPELLANT.*

St. Louis Court of Appeals. Opinion filed June 7, 1927.

1.—Motorbuses—Passenger Injured—Negligence—Res Ipsa Loquitur—Prima-Facie Case. In an action by a passenger against a carrier for injuries arising as the result of a collision, the plaintiff, under a general charge of negligence, relying upon the doctrine of res ipsa loquitur, need prove no more than the relationship of passenger and carrier, the collision, and the exclusive control over the car by the defendant, and plaintiff's consequent injury, and the extent thereof.

**2.—Same—Same—Same—Same—Evidence—Specific Acts—Cause of Accident—Presumptions.** In an action for damages for injuries sustained by reason of a motorbus of defendant, in which plaintiff was riding as a passenger, running off of the highway and colliding with a pole, where plaintiff rested his case upon the doctrine of presumption of the carrier's negligence arising from the established relation, he does not lose his right to rely upon the presumption of the carrier's negligence thus arising, by putting in evidence tending to show the specific acts of negligence which caused the collision, unless the evidence so introduced by him clearly shows what did cause the accident.

**3.—Same—Same—Same—Same—Same—Specific Acts Not Showing Cause of Accident—Jury Case Under Rule of Res Ipsa Loquitur.** In an action for damages for injuries sustained by reason of a motorbus of defendant, in which plaintiff was riding as a passenger, running off of the highway and colliding with a pole, plaintiff's testimony tending to show negligent acts on the part of defendant analyzed and **held** not sufficiently specific as to the cause of the accident so as to deprive him of the right to go to the jury under the rule of **res ipsa loquitur.**

**4.—Witnesses—Hypothetical Questions—Within Confines of Evidence— Proper.** A hypothetical question put to a physician, one of plaintiff's witnesses, not being predicated upon facts not proven, but being within the confines of the evidence in the case, **held** not error.

*Corpus Juris-Cyc. References: Carriers, 10CJ, p. 1028, n. 95; p. 1032, n. 27; Evidence, 22CJ, p. 713, n. 95.

Appeal from the Circuit Court of St. Louis County.—Hon. G. A. Wurdeman, Judge.

AFFIRMED.

*Geers & Geers* for appellant.

(1)   (a)   Because the plaintiff, while testifying on the witness stand, claimed to have full knowledge concerning the accident and described fully and specifically just what did·cause his alleged injury, the doctrine, *res ipsa loquitur*, did not apply in the case, and the giving of plaintiff's instruction numbered 1, which permitted a recovery under that doctrine, constituted reversible error.   Cook v. Union Electric Lt. & Pr. Co. (Mo. App.), 232 S. W. 248.   (b)   The doctrine, *res ipsa loquitur*, is a rule of evidence which applies only when the facts are such that the court can and will take judicial notice that unless negligence had been present in some form, the injury would not have occurred, and the facts causing the injury are peculiarly within the knowledge of the defendant and not equally accessible to the plaintiff.   Russell v. St. L. & S. F. Ry. Co. (Mo. App.), 245 S. W. 590.   (c)   The rule, *res ipsa loquitur*, aids the injured person who does not know how a certain catastrophe happened or does not fully know and needs the aid of a presumption to complete his case   But, if he knows just how it came to happen and just

what caused it and proves it, there is neither room nor necessity for a presumption. McAnamy v. Shipley, 189 Mo. App. 396, 176 S. W. 1079; Cook v. Union Electric Lt. & Pr. Co. (Mo. App.), 232 S. W. 248, 249; Price v. Met. St. Ry. Co., 220 Mo. 435, 119 S. W. 932. (d) Where the cause of an accident by which a passenger was injured is known as well to the passenger as to the carrier, the presumption of negligence which arises in the event of the injury of a passenger while in the carrier's vehicle has no application and the passenger must affirmatively show negligence. Pointer v. Mountain Ry. Const. Co. (Mo. App.), 189 S. W. 805, 809. (e) Where the evidence shows the precise cause of the accident there is, of course, no room for the application of the doctrine of presumption. Cassady v. Old Colony St. Ry. Co., 184 Mass. 156, 68 N. E. 10; 63 L. R. A. 225, cited with approval in Price v. Met. St. Ry. Co., supra. (2) It was error for the court to refuse defendant's refused instructions numbered five and six, laying the burden of proof on the plaintiff. Cook v. Union Electric Lt. & Pr. Co. (Mo. App.), 232 S. W. 248, 249. (3) (a) It was error for the court to permit Dr. Floyd Stewart to answer the hypothetical question propounded to him, predicated on facts not proven. Russ v. Wabash Western Ry. Co., 112 Mo. 45, 20 S. W. 472. (b) The rule that in putting a hypothetical question, the facts embraced in the hypotheses must be within the confines of the evidence or the opinion of the witness will be inadmissible is an unbending one. Benjamin v. Met. St. Ry. Co., 50 Mo. App. 602.

*Sheridan, Sheridan & Robertson* and *Arthur L. Wackwitz* for respondent.

(1) Where the relationship of passenger and carrier is established, and the petition charges general and not specific negligence, and an unusual occurrence and the passenger's consequent injury, without his fault, are shown, and the car is shown to be exclusively under defendant's control, the doctrine of *res ipsa loquitur* applies. Price v. Met. St. Ry. Co., 220 Mo. 435; Loftus v. Met. St. Ry. Co., 220 Mo. 470; Olsen v. Railroad, 152 Mo. 432; Lammert v. Wells, 282 S. W. 487; Porter v. St. Joseph Ry. L. H. & P. Co., 277 S. W. 913, 311 Mo. 66; Stauffer v. Railroad, 243 Mo. 305; Whitlow v. Railroad Co., 282 S. W. 525, 531; Carlson v. Wells, 276 S. W. 26; Bergfeld v. K. C. Rys. Co., 285 Mo. 654; Rhodes v. Railroad, 255 S. W. 1084; MacDonald v. Railroad, 219 Mo. 486-487; Simpson v. Railroad Co., 192 S. W. 739; Mayne v. K. C. Ry. Co., 287 Mo. 235; Williams v. Railroad, 133 Mo. App. 376-377; Rice v. Railroad Co., 153 Mo. App. 52. (2) Plaintiff is entitled to the presumption of negligence even though he offered some proof of specific acts of negligence. Price v. Met. St. Rys. Co., 220 Mo. 456; Loftus v. Met. St. Rys. Co., 220 Mo.

470; Briscoe v. Met. St. Rys. Co., 222 Mo. 114-115; Stauffer v. Railroad, 143 Mo. 325-326; Whitlow v. Railroad Co., 282 S. W. 525; Williams v. Railroad Co., 133 Mo. App. 376-377; Wolvern v. Springfield Traction Co., 143 Mo. App. 648; Rice v. Railroad Co., 153 Mo. App. 52; Kilroy v. K. C. & K. V. Ry. Co., 195 S. W. 522; Stoffer v. Railroad Co., 204 S. W. 588; Gibson v. Wells, 258 S. W. 1; Brown v. Railroad, 256 Mo. 535-536; Gleeson v. Railroad, 140 U. S. 435; Cecil v. Wells, 214 Mo. App. 193.

BECKER, J.—Plaintiff below recovered judgment for $4,000 against the defendant in an action for damages for injuries sustained by reason of a motorbus of the defendant company, in which plaintiff was riding as a passenger, running off of the highway and colliding with a pole.

The petition alleges general negligence. The answer was a general denial.

It appears that the plaintiff went to the jury upon an instruction based upon the doctrine of *res ipsa loquitur* whereby the jury were told that if they believed from the evidence that a motorbus of the defendant on which plaintiff was a passenger was caused to collide with a telegraph pole, "the presumption is that such collision was occasioned by some negligence of the defendant, and the burden of proof is cast upon the defendant to rebut this presumption of negligence and establish that there was no negligence on its part, and that the injury, if any, was occasioned by an inevitable accident, or by some cause which such highest degree of care could not have avoided, and unless you so find, you will return a verdict for the plaintiff."

The defendant's main assignment of error is that the trial court erred in giving plaintiff's main instruction submitting the case upon the theory of *res ipsa loquitur*. In support of this contention it is urged that though plaintiff's petition alleges general negligence, and relies upon the doctrine of *res ipsa loquitur,* the plaintiff himself testified "fully and specifically just what did cause his alleged injury," thus showing that the facts causing the collision were as well within his knowledge as that of the defendant, and therefore there was "neither room nor necessity for the presumption" of negligence which arises in collision cases where the injury of a passenger while in the carrier's vehicle, the facts causing the injury are peculiarly within the knowledge of the defendant and not equally accessible to the plaintiff. [Citing Cook v. Light & Power Co. (Mo. App.); 232 S. W. 248; Russell v. Railway Co. (Mo. App.), 245 S. W. 590; McAnany v. Shipley, 189 Mo. App. 396, 176 S. W. 1079; Price v. Met. St. Ry. Co., 220 Mo. 435, 119 S. W. 932; Pointer v. Ry. Constr. Co. (Mo. App.), 189 S. W. 805.]

After carefully examining the record before us we have come to the conclusion that plaintiff's testimony is not sufficiently specific to deprive him of the right to go to the jury under the rule of *res ipsa loquitur*, and that the point is without merit. [Price v. Met. St. Rys. Co., 220 Mo. 1. c. 456, 119 S. W. 932; Gibson v. Wells (Mo. App.), 258 S. W. 1; Kilroy v. Ry. Co. (Mo. App.), 195 S. W. 522; Williamson v. Railroad, 133 Mo. App. 1. c. 376-77, 113 S. W. 239; Cecil v. Wells, 214 Mo. App. 193, 259 S. W. 844.]

According to plaintiff's own testimony (and he called no other witness who had any knowledge of the accident) he was a passenger on defendant's bus making the trip from Wellston to St. Charles, Missouri, and was sitting on a seat next to the aisle on the right side of and two or three seats from the rear of the bus; that as the bus was going down a grade about a quarter or a half mile west of St. John's Station on the St. Charles Rock Road, and at its intersection with Charlack avenue, at a time when the bus was traveling at about thirty-five miles per hour, an automobile coming north on Charlack avenue turned east into St. Charles Rock Road almost directly in front of the bus; that the bus driver set his brakes and turned his bus to the right and the bus left the pavement, went into the ditch on the right side of the road and struck two transformer poles, causing glass from broken windows to fall over plaintiff, and to throw him forward over a seat in front of him, causing him injury. Plaintiff further testified that when he first saw the automobile coming north on Charlack avenue it was about twenty feet from the concrete pavement of the St. Charles Rock Road, at which time the bus was distant from the said automobile about sixty feet; that the driver of the bus sat on the left side of the bus and there was nothing to obstruct his view of the automobile approaching from Charlack avenue. Plaintiff further testified that when the car was right in front of him on the concrete, Lowe, the driver of the bus, "cut the bus short, as short as he could; he turned to the right. I was still sitting in my seat. And then I guess the whole thing ran off the slab of concrete. I know the front did; it went in and hit the pole. It never stayed on the concrete slab."

Our Supreme Court in banc in the leading case of Price v. St. Ry. Co., 220 Mo. 435, 119 S. W. 932, ruled that in an action by a passenger against a carrier for injuries arising as the result of a collision, the plaintiff, under a general charge of negligence relying upon the doctrine of *res ipsa loquitur*, need prove no more than the relationship of passenger and carrier, the collision, and the exclusive control over the car by the defendant, and plaintiff's consequent injury, and the extent thereof, thereby resting his case upon the well-founded doctrine of presumption of the carrier's negligence arising from the established relationship, and that the plaintiff does not lose his right

to rely upon the presumption of the carrier's negligence thus arising by putting in evidence tending to show the specific acts of negligence which caused the collision unless the "evidence so introduced clearly shows what did cause the accident." "A mere attempt to prove a negligent act hardly justifies the conclusion that plaintiff knows the cause of the accident." In the course of the opinion in the Price case it is said that, "the rule is well stated in Cassady v. St. Ry. Co., 32 Am. & Eng. R. R. Cases (N. S.) l. c. 671. 'It is true that where the evidence shows the precise cause of the accident . . . there is, of course, no room for the application of the doctrine of presumption. The real cause being shown, there is no occasion to inquire as to what the presumption would have been as to it, if it had not been shown. But if at the close of the evidence, the cause does not clearly appear, or if there is a dispute as to what it is, then it is open to the plaintiff to argue upon the whole evidence and the jury are justified in relying upon presumption, unless they are satisfied that the cause has been shown to be inconsistent with it. An unsuccessful attempt to prove by direct evidence the precise cause does not estop the plaintiff from relying upon the presumption applicable to it.' "

Analyzing plaintiff's testimony it appears that he saw the automobile approaching from the south on Charlack avenue and turned eastwardly into St. Charles Rock Road at a time when the bus in which he was a passenger was being driven westwardly along said Rock Road at a speed of about thirty-five miles per hour, and that when the bus was but a short distance from the automobile thus turning into the Rock Road, the driver of the bus, "cut the bus short; as short as he could; he turned to the right. . . . And then I guess the whole thing ran off the slab of concrete. I know the front did; it went in and hit the pole. It never stayed on the concrete slab."

As we view it, plaintiff's testimony does not attempt to give a specific reason why the bus left the road, whether because the driver of the bus failed to guide the bus to the left in time after he turned to the right to avoid hitting the oncoming automobile, or whether, by reason of the sudden turn to the right at the speed the bus was going, the bus was caused to skid off of the roadway, or whether in turning to the right the bus went off of the concrete onto the shoulder of the road which was not strong enough to hold the weight of the bus and gave way and caused it to skid into the ditch beside the road, or whether for any one or more of many other possible reasons the bus was caused to go into the ditch and hit the pole.

In this situation the case before us is clearly distinguishable from those cited by defendant in support of its contention here.

In the case of Cook v. Light & Power Co., supra, plaintiff herself testified with absolute certainty to the specific cause of the so-called accident, namely, that it was the act of defendant's clerk in allowing his hand to knock against an electric light bulb lying on the counter, which caused the bulb to roll off the counter, fall onto the floor, causing it to explode and some of the particles of glass flew into her face, causing her injury. We there held that plaintiff, under the facts in the case, had specifically and fully testified as to just what did cause her alleged injury, and that the giving of an instruction hypothesizing a recovery for the plaintiff under the doctrine of *res ipsa loquitur* was reversible error.

The case of Russell v. Railway Co., supra, is not in point in that it is a case of master and servant in which the plaintiff having recovered a judgment against the defendant upon the theory that his petition stated a cause of action under the doctrine of *res ipsa loquitur,* the court on appeal held that the plaintiff's petition failed to state a cause of action.

In the McAnany v. Shipley case, supra, a tenant occupying a house adjoining a street in the city, and where a board fell from the house and struck a pedestrian doing him injury, the pedestrian obtained judgment in an action for damages against the tenant pleading general negligence only, but on appeal, it appearing that plaintiff in his proof showed the cause of the accident specifically and fully, it was held that the instruction giving him the benefit of presumption of defendant's negligence was error. The court in the course of the opinion points out that the plaintiff adduced testimony to the effect that the building was old, and that the board had been loose for a long time, and that it could be plainly seen and was seen to be swinging "in and out at one end," which was hanging down; further that plaintiff demonstrated to the jury just how and why it happened; that plaintiff produced the board at the trial as an exhibit for the jury, and he proved particularly its condition on the day it fell, that is that the nails were old and rusted, and that there was no sound nail in it, "they were rusted off" and some "rotted" enough that they would not hold the board. The court there ruled that though plaintiff founded his action on general negligence with reliance upon the doctrine of *res ipsa loquitur,* yet by his evidence abandoned that theory and showed particularly how the matter transpired. The rule of *res ipsa loquitur* aids the injured person who does not know how a certain catastrophe happened and he does not fully know and needs the presumption to plead his case, but if he knows just how it came to happen, and just what caused it, and proves it, there is neither room nor necessity for the presumption and the court properly held, under the testimony in the case, that plain-

tiff has shown specifically and fully the cause of his injury and was not entitled to an instruction giving him the benefit of presumption.

Nor can the defendant find any comfort in the case of Pointer v. Construction Co., supra, in that there plaintiff, in an action against a scenic railroad company for personal injuries, was held to have pleaded specific acts of negligence, and that the plaintiff must therefore prove such negligence or enough of such acts to justify a recovery, and that a failure to do so bars a recovery, and that in such case he cannot rely upon presumptive negligence under the rule of *res ipsa loquitur* to make out his case.

Holding as we do that plaintiff pleaded, and under his proof was entitled to go to the jury relying upon presumptive negligence under the rule of *res ipsa loquitur* to make out his case, it follows that it was not error to refuse defendant's instructions numbered five and six, laying the burden of proof on the plaintiff.

The only other assignment of negligence here sought to be raised, arises out of a hypothetical question put to a physician, one of plaintiff's witnesses. We are satisfied from the record before us that it was not predicated upon facts not proven, but remained within the confines of the evidence in the case.

The case was well tried and the issues fairly and fully submitted to the jury. Finding no error in the record prejudicial to defendant's rights, the judgment should be affirmed. It is so ordered. *Daues, P. J.,* and *Nipper, J.,* concur.