A. M. POWELL v. ST. JOSEPH RAILWAY, LIGHT, HEAT & POWER COMPANY, Appellant.—81 S. W. (2d) 957.

Division One, April 17, 1935.

*Mayer, Conkling & Sprague* for appellant.

*Shultz & Owen* for respondent.

FERGUSON, C.—The defendant herein, St. Joseph Railway, Light, Heat & Power Company, operates passenger motorbus lines in the city of St. Joseph in connection with its transportation system in that city. Plaintiff was injured while a passenger on one of defendant's busses when the bus and a Ford automobile, driven by one Wallace, collided at or in the intersection of Twelfth and Francis streets. Plaintiff brought this action for damages for injuries sustained. Upon a trial in the Circuit Court of Buchanan County the verdict of the jury was for defendant, but the trial court sustained plaintiff's motion and granted a new trial on the ground, specified of record, "that the court erred in giving Instruction D on behalf of defendant;" whereupon defendant appealed from the order granting a new trial and the amount of damages claimed and sued for being in excess of $7500 we have jurisdiction of the appeal.

Plaintiff's petition alleges that on the 7th day of October, 1930, she was a passenger upon defendant's bus, that there was a collision between the bus and another motor vehicle at the street intersection mentioned, supra, that she was injured and that the collision was caused by the "carelessness and negligence of the defendant, its servant and agent" and "the failure to exercise the highest degree of care," in the operation of the bus whereby "said

bus was negligently caused and permitted'' to collide with the other motor vehicle at the time and place stated. It is apparent that plaintiff invokes the *res ipsa loquitur* rule and relying thereon pleads or charges general negligence only. [Price v. Metropolitan Street Ry. Co., 220 Mo. 435, 119 S. W. 932.] No question is made that the petition does not sufficiently state a cause of action and clearly the *res ipsa* rule applies to the situation therein stated. [Zichler v. St. Louis Public Service Co., 332 Mo. 902, 59 S. W. (2d) 654; Stauffer v. Metropolitan Street Ry. Co., 243 Mo. 305, 147 S. W. 1032; Story v. People's Motorbus Co., 327 Mo. 719, 37 S. W. (2d) 898; Porter v. St. Joseph Railway, Light, Heat & Power Co., 311 Mo. 66, 277 S. W. 913; Loftus v. Metropolitan Street Ry. Co., 220 Mo. 470, 119 S. W. 942; Olsen v. Citizens' Ry. Co., 152 Mo. 426, 54 S. W. 470; Yates v. United Rys. Co. (Mo. App.), 222 S. W. 1034; Gibson v. Wells (Mo. App.), 258 S. W. 1; and Cecil v. Wells, 214 Mo. App. 193, 259 S. W. 844.] █ Defendant says, however, that plaintiff's evidence, and all the evidence in the case, reviewed in the light most favorable to plaintiff clearly shows a precise, specific and definite negligent act of defendant's employee, the driver or operator of the bus, as the cause of the collision and therefore having, by her evidence, clearly shown the specific negligent act which caused the collision she was not entitled to rely upon presumptive negligence and have the case submitted to the jury under the *res ipsa loquitur* rule, but the jury should have been limited and confined to a consideration and determination of the specific negligence thus shown by plaintiff's evidence and that the trial court properly gave defendant's Instruction D so confining the issue. As stated the trial court sustained plaintiff's motion and granted a new trial on the ground that it erred in giving that instruction at defendant's request. The propriety of the instruction is the question here and necessitates a statement of the evidence most favorable to plaintiff.

Francis Street runs east and west and is 26.6 feet wide from curb to curb. Francis Street is intersected by Twelfth Street which runs north and south and is 35.6 feet wide, from curb to curb, at the intersection. It is 260.5 feet from the south curb of Francis Street to the north curb of Felix Street, the first east and west street south of Francis Street, which street also crosses or intersects Twelfth Street at that point. There is an alley midway of the block between Francis and Felix streets. The bus on which plaintiff was a passenger was traveling east on Francis Street. The Ford automobile which collided with the bus was traveling north on Twelfth Street. It was a 1922 model Ford touring car driven by a young man named Wallace. Two other young men (Gatewood and Townsend) were seated with Wallace in the front seat. The evidence tends to show that the young men were intoxicated. Wallace was

killed in the collision and his widow brought an action for damages against the defendant herein. The jury, in that case, found for the defendant but, as in this case, the trial court sustained plaintiff's motion and granted a new trial from which order the defendant appealed. We reversed the order granting a new trial, directed it be set aside, the verdict reinstated and judgment entered thereon for defendant. [See Wallace v. St. Joseph Ry., Light, Heat & Power Co., 336 Mo. 282, 77 S. W. (2d) 1011.] We shall presently have occasion to refer to certain comments or observations made therein upon the facts.

When, proceeding east on Francis Street through the intersection, the front end of the bus was out of the intersection and six feet east of the east curb line of Twelfth Street the Ford automobile traveling north on Twelfth Street crashed into the right side of the bus "back of the front door." All the evidence in the case, except the testimony of the plaintiff, was that when the bus entered the intersection the Ford automobile was yet at, south of or about Felix Street, the first east and west street south of Francis Street, mentioned, supra, and therefore at the time a block or more away. Plaintiff however testified that at the time the bus entered the intersection the Ford was a half block south of the intersection, or at about the alley midway of the block between Francis and Felix streets. With these preliminary glimpses we now refer to plaintiff's positive and direct testimony concerning the occurrence and the surrounding circumstances. Plaintiff was the only eyewitness to testify in her behalf. She stated that she was seated in the front seat on the right hand side of the bus as it traveled east; that as the bus approached the intersection it "slowed up" and then as it entered the intersection "speeded up very fast;" that as the bus entered the intersection she saw the Ford automobile and it was then "at the alley a half block south of Francis Street" and "I noticed it was coming down very fast" (north on Twelfth Street); "the bus was going very fast;" "I didn't think we were in any danger" and "had no thought of a collision;" that "from the time I first saw this Ford automobile half a block away I continued to watch it come on down;" "it didn't appear there was any danger of a collision;" that when the Ford automobile was "about 25 feet" away "the bus stopped right in front of the Ford;" "the bus seemed to be standing perfectly still;" "I stood up and looked to see why the bus driver was stopping with those boys in the street so close to the bus;" that "the bus driver was standing up;" "I knew we were going to be struck when I stood up" and "just then we were hit;" that "the way I saw it the accident would not have occurred if the bus had continued on across and had not stopped there; if it hadn't stopped we would have gone on by . . . the bus would have been clear out of the street (the intersection) if

it hadn't stopped'' and ''it would not have happened if the bus had gone on and not stopped.'' The testimony of all the other witnesses who claimed to have seen the collision, wholly disinterested witnesses, as well as that of the bus driver, was that the bus was not stopped in the intersection in the path or in front of the Ford car but that it proceeded into and through the intersection, without stopping, at a uniform speed and when the front end of the bus had passed east of the east curb line of Twelfth Street the Ford car, without slackening speed or attempting either to stop or swerve so as to avoid the bus and pass to the west thereof, though there was ample open space to do so, crashed into the side of the moving bus striking it just back of the front side door. There is no substantial evidence which would warrant or support an inference of negligence on the part of the bus driver in entering and proceeding across the intersection under the circumstances shown. There is no evidence indicating that there was any other vehicle or traffic approaching the intersection at the time except this Ford car traveling north on Twelfth Street and it was at the time, according to plaintiff's testimony, yet a half block south of the intersection while all the other witnesses on that point say it was then at least a block away. The bus had the right of way and there was no evidence showing that either the movement of the Ford, the manner in which it was being driven or any conduct or action on the part of the driver, or the other occupants thereof, was such as to indicate that the driver of the Ford automobile was oblivious of the presence of the bus in the intersection or that the Ford automobile would not either stop before entering the intersection or swerve around or back and west of the bus. We commented in the Wallace case, supra, on these facts as follows: ''Until there was something which the bus driver observed or should have observed in the movement of the automobile or the actions and conduct of its driver to indicate that the automobile driver was oblivious or heedless of the proximity of the bus, the bus driver had a right to presume that deceased (the driver of the Ford) would not drive heedlessly into the bus, which was in the intersection before the deceased reached it.''

██ . The *res ipsa loquitur* doctrine generally applies in actions by a passenger against a carrier for damages for personal injuries. The rule is to the effect that, where the thing or instrumentality which causes the injury complained of is shown to be under the exclusive management and control of the defendant and his servants, and the character of the accident is such as to warrant an inference or strong probability of negligence on the part of the defendant, that is such as in the ordinary and normal condition of things would not happen if those who have the management and control of such instrumentality use proper care, then the accident itself, and its attendant circumstances, afford reasonable evidence from which the

jury, in the absence of reasonable explanation by defendant exculpating himself, may infer and find that the accident arose from want of due care. [Zichler v. St. Louis Public Service Co., supra.]

Thus the *res ipsa loquitur* rule aids the injured party who does not know and therefore cannot plead or adduce proof showing the specific cause of or how the event which resulted in his injury occurred but if he knows how it came to happen, and just what caused it, and either specifically pleads or proves the cause there is neither room nor necessity for the presumption or inference which the rule affords. [Smith v. Creve Coeur Drayage & Motorbus Company, 220 Mo. App. 1122, 296 S. W. 457.] However, when, as in the instant case, the plaintiff pleads general negligence and by the pleading invokes the aid of the *res ipsa loquitur* doctrine, he does not lose or waive the benefit thereof, and the right to rely thereon in the submission of the case to the jury, by introducing evidence tending to show specifically the cause of the accident if by the evidence the cause is still left and remains in doubt or is not clearly shown, but where the real or precise cause is definitely shown, and is not left in doubt, "there is no occasion or room for the" presumption or inference which the *res ipsa* rule affords. "The plaintiff is bound by his evidence in a *res ipsa* case just as he would be in any ordinary negligence action and cannot in effect say to the jury, 'I have shown you exactly how the accident occurred but you are, nevertheless, still at liberty to speculate and presume it may have happened some other way.'" [Conduitt v. Trenton Gas & Electric Co., 326 Mo. 133, 31 S. W. (2d) 21, and cases there collected and cited.]

In Glasco Electric Co. v. Union Electric Light & Power Co., 332 Mo. 1079, 61 S. W. (2d) 955, we said: "Though the petition . . . charges general negligence only yet if plaintiff's proof clearly shows the precise or specific negligent acts or omissions on the part of defendant which caused the injury 'there is no occasion or room for the application of a presumption.' [Conduitt v. Trenton Gas & Electric Co., 326 Mo. 133, 31 S. W. (2d) 21.] 'The real cause being shown, there is no occasion to inquire as to what the presumption would have been if it had not been shown.' [Price v. Metropolitan Street Railway Co., supra.]"

In the instant case, if accepted, plaintiff's proof directly and definitely shows and establishes the precise and specific negligent act which caused the collision, that is, that the driver brought the bus to a stop in the intersection immediately in the path, or in front, of the northbound Ford automobile. Plaintiff's evidence did not leave the cause of the collision in doubt but clearly and specifically fixed the precise cause thereof. Nor does the record disclose any substantial evidence warranting an inference of negligence on the part of defendant other than the specific negligent act shown and relied upon by plaintiff in her proof. In this situation the court gave

defendant's requested Instruction D telling the jury that "unless the plaintiff has proved by the preponderance or greater weight of the credible testimony to your reasonable satisfaction that the bus mentioned in evidence, in which plaintiff was riding, while being driven across Twelfth Street upon Francis Street was negligently stopped in front of the Ford automobile mentioned in evidence, and that as a direct result of the stopping of said bus, if you find and believe it was so stopped, the collision occurred, and that plaintiff was thereby injured, the plaintiff cannot recover and your verdict must be for the defendant." We are of the opinion that, under the evidence herein, the instruction was proper and that the court erred in granting a new trial on account of the giving thereof. Respondent has not pointed out any other ground in her motion for new trial on which it should have been sustained.

The order of the trial court granting a new trial is therefore reversed and the cause remanded with directions to set aside the order, reinstate the verdict and enter judgment for defendant thereon. *Sturgis* and *Hyde, CC.*, concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All the judges concur.