JOHN J. CASS ET AL., PLAINTIFFS, APPELLEES, v. ELEANOR SANGER, ADMINISTRATRIX OF MAX E. SANGER, DECEASED, DEFENDANT, APPELLANT.

Argued November 4, 1908—Decided February 23, 1909.

The plaintiffs were tenants of a store on the ground floor of a building. The defendant was a tenant of the third floor of the building. The plaintiffs on Saturday evening locked their store with its contents in good condition. On Monday morning upon opening the store water was found trickling from the ceiling above upon their stock. An examination disclosed water coming from the third floor over the second floor, and upon the third floor for a distance of sixteen feet around a water sink was sawdust, damp, and covered with water. The ceiling of the third floor was not wet. The water was not running from the faucet at the sink. *Held*, that in order to apply the rule of *res ipsa loquitur* the burden rested upon the plaintiffs to show that the damage did not result in any other way than from the faucet or the fixtures within the defendant's control.

On appeal from the Second District Court of the city of Jersey City.

Before Justices GARRISON, PARKER and VOORHEES.

For the plaintiffs, *Benjamin J. Darling.*

For the defendant, *McEwan & McEwan.*

The opinion of the court was delivered by

VOORHEES, J.    It appears by the state of the case that the plaintiffs were the tenants and occupants of a store, No. 62 Cortlandt street, in the city of New York, comprising the ground floor of the building; that the third floor of the building was occupied by the defendant's intestate as tenant. The intervening or second floor was occupied by one Brady.  On the evening of Saturday, February 23d, 1907, the plaintiffs left their store locked with its contents in good condition. On the following Monday morning upon opening the store plaintiffs found water trickling from the ceiling above on their books (they were book merchants) on the shelves in the northeast corner of the store.   An examination of the building and of the second floor disclosed water coming from the third floor, that of the defendant's intestate.   Sawdust was found on this floor for a distance of sixteen feet around the sink, which stood in the northwest corner.   The sawdust was damp and covered with water.   The ceiling of the third floor was not wet and the fourth floor showed no water there.   The sink in defendant's apartments was an ordinary kitchen sink with a strainer over the waste pipe and stood at a higher level than the floor.   When examined on Monday morning immediately after plaintiffs' arrival at the store the water was not running out of the faucet at the sink.

The suit was brought for the recovery of damages for injury done to books, &c.   A motion was made to nonsuit, and also to direct a verdict for the defendant.   The court refused and found a judgment of $225 in favor of the plaintiffs.

The trial court grounded his decision upon the doctrine of *res ipsa loquitur*.

The evidence of the plaintiffs went only to the extent of showing that the water came from above the second floor. The testimony did not conclusively show whether it had come from a supply pipe or from a faucet. As Sanger was a tenant it is not to be presumed that he controlled the supply pipes, but only the faucet and its connection within his apartment. The faucet when examined was not turned on. No water was running from it and the fixture and connections seemed to be in good repair.

In order to apply the rule of *res ipsa loquitur* the burden rested upon the plaintiffs to show that the damage did not result in any other way than from the faucet or the fixtures within the defendant's control. Because the defendant had not shown that the damage resulted from some other cause than the faucet, the court erroneously applied the doctrine.

The plaintiffs, if they had gone further and excluded the idea that the defect was in the supply pipe by showing that no water was flowing from it and that it had not been repaired since the Saturday preceding, then the doctrine might have been invoked.

It is a substantial right of the defendant to have the plaintiff bear this burden. *Bien* v. *Unger, 35 Vroom* 596.

Until a plaintiff has presented all the testimony reasonably within his power, he can derive no benefit from this doctrine. *Bahr* v. *Lombard, Ayres & Co., 24 Vroom* 233, 240.

Where negligence is alleged and the proofs of it are circumstantial and not direct the evidence must be such as to exclude all theories of accounting for the accident which would be inconsistent with the defendant's negligence. *Suburban Electric Co.* v. *Nugent, 29 Vroom* 658. And where the plaintiff's evidence is equally consistent with the absence as with the existence of negligence, a nonsuit is proper. *Hummer* v. *Lehigh Valley Railroad Co., 46 Id.* 703.

The judgment will be reversed.