Bradshaw v. Lusk et al.

CHARLES BRADSHAW, Respondent, v. JAMES W. LUSK, W. C. NIXON, and W. B. BIDDLE, Receivers of ST. LOUIS & SAN FRANCISCO RAILROAD, Appellants.

Springfield Court of Appeals, January 8, 1917.

1. INSTRUCTIONS: Personal Injuries: Damages. An instruction that if the jury found the issues for the plaintiff they should assess damages for compensation for injuries caused by a spike driven by his foreman striking plaintiff in the eye was erroneous, where no instruction was given defining issues and acts of negligence on which the jury could find for the plaintiff.

2. MASTER AND SERVANT: Personal Injuries: Res Ipsa Loquitur: When Not Applicable. Action by a section man for damages on account of loss of his eye occasioned by being struck with a spike which was being driven by the section foreman. The case was not one where the doctrine of res ipsa loquitur could be applied to aid the petition which failed to plead specific acts of negligence.

3. ———: ———: Petition Examined as to Sufficiency. Action by section hand for damages on account of the loss of his eye occasioned by being struck with a spike which was being driven by the section foreman. The petition is examined and held not to sufficiently charge negligence in the use of 'mproper tool by the foreman, improper use of the tool or in not giving plaintiff time to move to safety.

4. ———: ———: **Res Ipsa Loquitur Doctrine.** The only reason for allowing a general charge of negligence where the *res ipsa loquitur* doctrine applies is that the act, speaking for itself, advises the defendant of the charge he must meet and is stating the case with particularity.

5. **PLEADING: Statutory Provisions.** The provisions of sections 1813 and 1831, R. S. 1909, that pleadings shall be liberally construed and that only substantive facts necessary to constitute the cause of action or defense need be pleaded, were not intended to aid a judgment based on an entire failure of proof or on a case made by evidence which is an entirely different cause of action from that stated in the petition.

6. **MASTER AND SERVANT: Personal Injuries: Risk, When Not Assumed.** Action by section hand for damages on account of the loss of an eye. The railroad section foreman called the section hand to ask him if it would be any use to drive a spike into a post of a fence which they were repairing. In answering the summons and coming up, the section hand did not assume the risk of injury when the foreman negligently or prematurely struck a spike which glanced and struck the section hand in the eye.

Appeal from Butler County Circuit Court.—*Hon. J. P. Foard*, Judge.

REVERSED AND REMANDED.

*W. F. Evans, Moses Whybark* and *A. P. Stewart* for appellants.

*David W. Hill* for respondent.

FARRINGTON, J.—The plaintiff recovered a judgment for $5000 for the loss of an eye alleged to be due to the negligence of the defendants. The charge of negligence in the petition is as follows: ''The defendants by and through their section foreman, carelessly and negligently failed to provide the plaintiff with a reasonably safe place in which to work, and said section foreman carelessly, negligently and awkwardly attempted to drive a railroad spike into an unsteady fence post in close proximity to the plaintiff, resulting in the spike flying from the fence post and striking the plaintiff in the right eye.''

The facts of the case are in substance as follows: That plaintiff was a section hand working for the defendants and that on October 16, 1915, he was at work repairing a wing fence on a cattle guard and Charles Gattis who was the foreman on that day was driving a spike in a fence post. That Gattis had set the spike by tapping it lightly and called the plaintiff to come to him and asked him "Do you reckon that will do any good? Do you reckon it will bust the post?" The plaintiff came and looked at it and said "I don't think it would do any good, I think it would bust the post." "And just about that time he drawed back and hit the spike before I could get out of the way—well, I was getting out of the way, while I was getting out of the way, and he hit the spike and it glanced and hit me in the right eye. Gattis set the spike up in the post and then hit it a light lick, so the spike would hold until he got to hit it a hard one. I was back by the side of the fence at work before he called me up there, was out of the way of the spike when called. When he hit the spike I was trying to get out of the way and was something like six feet from him. When I say spike I mean a railroad spike which is about four and a half or five inches long, about an inch thick, and a half inch wide, made of steel or iron. The fence post was a whiteoak post about four inches thick and four feet tall. He was driving this spike about three and a half feet from the ground." At this point the attorney for the plaintiff asked this question: "Now what kind of a thing was Gattis driving that spike with? Mr. Whybark, attorney for defendants: We object to that, there is no allegation about that." The objection was overruled and defendants excepted. He answered that it was a steel cleaver with a chisel on one end and a hammer on the other. Again, he was asked "What kind of a lick did it take to make that spike fly off?" He answered "A glancing lick." The record here recites that Mr. Whybark stated: "We object to that if the court please, nothing alleged about that." And that Mr. Hill remarked: "General negligence." The objection was overruled and defendants

excepted. Again, the plaintiff said: "It was a railroad spike Gattis drove in the post. He hit it with a hammer a glancing lick, I am sure of that, if he hadn't it wouldn't have glanced." The record then recites: "Mr. Why-bark—I move to strike out all of the testimony about the glancing lick, hitting the glancing lick, because there is nothing stated in the petition about hitting a glancing lick. Mr. Hill: General negligence, your honor." The objection was overruled and defendants excepted. It was then shown that a track chisel is not used by section men for the purpose of driving spikes. Gattis, the foreman, admitted that he never saw or heard of a foreman using it and never saw any other man use it in that way. He said "I suppose this spike glanced. I hit it and in some way it jumped out and flew over and hit Bradshaw." He testified that Bradshaw was within two or three feet of him.

This is all the evidence in the record before us bearing on any question of negligence.

At the close of all the evidence the court refused a peremptory instruction in the nature of a demurrer to the evidence requested by defendants.

Plaintiff submitted the case on the following instructions:

"A. The court instructs the jury that if you find the issues in this cause for the plaintiff, you should assess his damages at such sum as you may believe, from all the evidence, will be a fair compensation for any pain of body or mind, and for any permanent injuries or disfigurement (if any, or either, or all such) which you may believe from the evidence the plaintiff has sustained, or will hereafter sustain, by reason of his said injuries, if any, and which you may believe from the evidence to have been caused by the railroad spike striking him, if you believe he was so struck; in all not to exceed ten thousand dollars."

"B. The term 'negligence,' as used in these instructions, means want of ordinary care, and the term 'ordinary care' means such care as a person of ordinary pru-

dence would have exercised under the same or similar circumstances.''

To the giving of these instructions the defendants excepted.

At the request of defendants the court gave an instruction on contributory negligence, one on assumption of risk, and the following:

"4. You are further instructed that the mere fact that plaintiff was struck and injured by the spike which flew from the post as the section foreman was attempting to drive it into said post does not make the defendants liable for plaintiff's injury; but before plaintiff can recover in this case he must prove to your satisfaction, by the preponderance of the testimony, that his said injury was directly caused by the act of defendants' section foreman in attempting to drive said spike into the fence post, and that such act of said foreman was negligent, and if he has not done so your verdict must be for the defendants."

Appellants contend that plaintiff's instruction A was misleading and constituted error; that the petition failed to state a cause of action; that the court erred in admitting testimony concerning the kind of hammer used and with reference to a glancing lick; and finally that under the evidence the plaintiff was injured as the result of a risk incident to the business and one assumed by him.

We think the objection to instruction A under the facts of this case is well taken, and that the jury as appellants contend in the absence of any instruction defining the issues and acts of negligence on which they could find for the plaintiff might well infer from that instruction that they were to assess damage in plaintiff's favor if they found that the spike which was driven by the foreman struck plaintiff in the eye and injured him. There was no denial that the spike struck the plaintiff in the eye. The jury in that instruction were not even required to find that the injury was occasioned by negligence. And we are unable to see why plaintiff asked instruction B defining '' 'negligence' as used in these in-

structions" when the only other instruction he asked did not contain an intimation of negligence.

The question as to the sufficiency of the allegations of the petition, the admission of the testimony quoted and objected to as to the hammer and the glancing lick, and the vice of instruction A, all go to the same proposition and that is that the act complained of here and the act shown is not an act of negligence which itself speaks. The striking of the spike with the wrong kind of tool or the striking of it by a glancing lick are not matters peculiarly within the knowledge of the master and under his control; the plaintiff was in as good a position to know, to plead, and to have a finding on the specific acts of negligence by which the evidence shows he was injured as was the defendants; it is not a case where the *res ipsa loquitur* doctrine applies. [Klebe v. Parker Distilling Co., 207 Mo. 480, 105 S. W. 1057.] It is not a case wherein the act of negligence is similar to that charged in Stewart v. Mason,—Mo. App.—, 186 S. W. 578, or that charged in Compton v. Mo. Pac. Ry. Co.,—Mo. App.—, 182 S. W. 1055. The charge in this petition is similar to that condemned after verdict in the following cases: Waldhier v. Hannibal & St. J. R. Co., 71 Mo. 514; Edens v. Hannibal & St. J. R. Co., 72 Mo. 212; Current v. Mo. Pac. Ry. Co., 86 Mo. 62; Gurley v. Mo. Pac. Ry. Co., 93 Mo. 445, 6 S. W. 218; Young v. Schofield, 132 Mo. 650, 661, 662, 34 S. W. 497; Leet v. Bank of St. Louis, 141 Mo. l. c. 581, 42 S. W. 1074. See, also, Castle v. Wilson,—Mo. App.—, 183 S. W. 1106, where the judgment was reversed because the petition did not charge negligence under the humanitarian rule although the evidence tended to show liability under that charge.

The act of negligence in this case, if any, as shown by the evidence, was in the use of an improper tool, or in the improper use of the tool, or in not giving plaintiff time to move hmself to a place of safety when the section foreman knew or ought to have known of plaintiff's danger. The place which the master furnished was entirely safe in the absence of these specific acts. And as

defendants are entitled to know from the pleadings the
charge of negligence they are required to meet we must
hold that the petition fails to meet that requirement. So
far as plaintiff pleads any specific negligence it is in driv-
ing a spike into an unsteady fence post and defendants
would expect to have to meet that charge, but it was not
tried on that theory, and the only testimony on that score
is found in the direct examination of the plaintiff, as fol-
lows: "The fence post was a whiteoak post, about four
inches thick and about four feet tall. He was driving
this spike about three and a half feet from the ground.
The ground there is black gumbo, it was a little loose,
not a great deal, had some spring to it." No one on
reading the charge of negligence in the petition could be
held to a knowledge that he must meet and defend
against evidence tending to show that his foreman had
used an improper tool or had improperly used a tool.
When analyzed, the only reason for allowing a general
charge of negligence where the *res ipsa loquitur* doctrine
applies is that the act, speaking for itself, advises the
defendant of the charge he must meet, and is, after all,
stating the case with particularity. There is no specific
allegation as to the kind of tool used or the manner of
its use in the petition, and if the plaintiff is relying on
general negligence (and from the remarks made by his
attorney when the evidence was being introduced he is
relying on general negligence) the proof adduced fails
utterly to prove that the defendant furnished the plain-
tiff an unsafe place in which to work. There is therefore
an entire failure of proof, and section 1813 and 1831,
Revised Statutes 1909, were never intended to aid a
judgment based upon an entire failure of proof or on a
case made by evidence which is an entirely different
cause of action from that stated in the petition. This
question is discussed at length by STURGIS, J., in the case
of Thornton v. American Zinc, Lead & Smelting Co.,
178 Mo. App. 38, 163 S. W. 293. The error is made most
manifest in the case before us. The plaintiff as his at-
torney twice remarked during the progress of the trial,
is relying on general negligence. His proof shows specific

acts of negligence within the knowledge of all parties concerned. He then submits the case without instructions, thereby again relying on his term "general negligence." It should be the purpose of courts and attorneys to so try cases as to make the issues clear-cut and well-defined and as simply put before the jury as is possible. It is true that the Supreme Court although severely condemning a plaintiff who refuses to submit his case on instructions defining the issues has not held that the failure to do so constitutes reversible error; yet where it is apparent, as it is in this case, that the plaintiff does submit his case on an instruction which not only deals with the measure of damage but leaves it open to the jury to find for the plaintiff if they find that plaintiff was struck in the eye by the spike which fact was not disputed, reversible error is committed. It takes a negligent act to justify a jury in assessing damages in this kind of case, and if the instructions asked by plaintiff attempt to tell the jury in any way how they can find for the plaintiff they must cover the case in all of its essential elements. We think the jury in this case could easily have been misled as to the verdict reached and that this misleading is due to the pleading, evidence, and instructions so far as they went, of the plaintiff, and the failure to instruct as well, and is a verdict that should not be permitted to stand.

We fail to agree with the appellants that the case which the evidence tends to make out is one in which the plaintiff assumed the risk of the injury he sustained. If he was called by the foreman to a place for the purpose of examining the post and spike and giving his advice and the foreman negligently struck the spike before a reasonably prudent man would have struck it considering plaintiff's proximity to him, or if the foreman called plaintiff for the purpose of advice and struck the spike with an improper tool, or carelessly struck it a glancing lick, the plaintiff would in our judgment be entitled to a recovery for the consequences of these acts of negligence.

We will therefore reverse the judgment and remand the cause to the end that plaintiff if he is so advised may plead the negligent acts of which he complains with some degree of particularity so that the evidence which he introduces will conform to the allegations of his petition. It is so ordered. *Sturgis, J.,* concurs. *Robertson, P. J.,* concurs in the result.