RICHARD D. GRIMES v. RED LINE SERVICE, INCORPORATED, a Corporation, Appellant, and MYRTLE E. BALDWIN, Defendant.—85 S. W. (2d) 767.

Division One, July 30, 1935.

*Strubinger & Tudor* for appellant; *Allen, Moser & Marsalek* of counsel.

744

*Berthold & Chase* for respondent.

FRANK, J.—Action to recover damages for personal injuries alleged to have been caused by a collision between an automobile and a motorbus on which plaintiff was a passenger for hire. The judgment below was in favor of plaintiff and against defendant, Red Line Service, Incorporated, in the sum of $10,000 from which said defendant appealed. The judgment was in favor of defendant, Myrtle E. Baldwin, from which no appeal was taken.

The collision occurred on St. Charles Rock Road in St. Louis County. The bus was traveling west and the automobile was traveling east on said road. The paved portion of this road is forty feet wide consisting of twenty feet of asphalt in the center and ten feet of concrete on each side of the asphalt. The road runs east and west. There is a street car track running east and west on the ten-foot concrete slab on the south side of said road. The petition charges defendant, Myrtle E. Baldwin, the owner and operator of the automobile, with three specific acts of negligence. The charge against the other defendant, Red Line Service, Incorporated, the owner and operator of the bus, was one of general negligence. The evidence against this defendant was specific, showing exactly how the collision occurred. There was a painted yellow line in the center of the paved highway, dividing the north half of the traveled way from the south half thereof. The bus was traveling thirty-five and the automobile fifteen miles per hour. Plaintiff testified that the automobile was at all times on its proper side of the highway. Plaintiff's version of the occurrence appears from the following quotation from his own testimony:

"In describing the course of this Red Line Service bus that I was a passenger on, as the two vehicles approached each other, the chauffeur of the bus ran right across and ran into Miss Baldwin's automobile. He moved the bus southwest as he approached her automobile. He went south of the yellow line in the middle of the highway before

the collision occurred. He was straddling the yellow line before the crash. The front of the Red Line Service bus was south of the yellow line when the collision took place with Miss Baldwin's car; I don't know how about the back end of it. I know the front of the bus was south of the yellow line, and the bus was moving southwest.

"From the first time that I saw the automobile of Myrtle Baldwin until the collision, I saw the automobile all the time. Her automobile was coming down in the tracks about fifteen miles an hour and this bus went right across the road and hit her. Miss Baldwin's automobile never did leave the eastbound street car tracks before the collision. The right-hand side of the bus hit the left-hand side of her machine. When her machine was hit, it was in the car tracks, straddling the street car tracks, facing straight east and still straddling the tracks. The bus was headed southwest when the collision took place."

Defendant, Myrtle E. Baldwin, testified as a witness for plaintiff. Her testimony as to the cause of the collision, in the main, corroborates the story told by plaintiff. She testified that it was raining at the time in question. She described the occurrence as follows:

"I was straddling the northern rail. I went to pull out of the street car track and the machine skidded slightly, and I righted the car, and I saw something coming towards me at a terrific rate, and that was the last I remember until I came to in the Overland Hospital. I endeavored to pull out to the left. My car skidded very slightly, as I remember. It did not skid as far as the center of the highway. The object I saw coming toward me was a Red Line bus. I do not remember the actual collision.

"The bus I saw was going west, over on the south side of the road. It was coming toward me at an angle. I would say a forty-five degree angle; it hit me directly on the driver's seat. The bus was headed southwest."

The driver of the bus described the collision and its cause as follows:

"I did not notice particularly the eastbound automobile until it skidded out of the tracks. I know now it was an Oldsmobile coupe. My attention was attracted to it by the sudden skidding out of the car tracks. When I first saw it, the four wheels were in the rails. When I saw it skidding this way, it was probably sixty feet from my bus. I was then driving with the left wheels of my bus about two feet south of the concrete section on the north side of the highway, which would put the left side of the bus about eight feet from the center of the highway, towards the north.

"While I was driving in this position about thirty miles an hour, all of a sudden I saw this machine skid out in front of me; came all the way across the road. I started to turn to the right; the machine came clear across, so to keep from having a head-on; I

turned to the left. About that time, this machine came back and we met right there, about a foot north of the center line of the highway. I was then headed in a southwesterly direction, and the other automobile was headed in a southeasterly direction. The right front —right step of the motorbus and left side of her car came together."

Other witnesses testified in the case, but the evidence above set out is sufficient for a determination of the questions raised. The sufficiency of the evidence to make a case for the jury is not questioned.

■ Appellant contends that the court erred in giving plaintiff's Instruction No. 1. The complaint against this instruction is that it erroneously submitted the case to the jury on general negligence when the evidence tended to prove specific acts of negligence showing exactly what caused the collision. Plaintiff contends that the instruction does not submit the case to the jury under the doctrine of *res ipsa loquitur*.

Although a petition charges general negligence, if the evidence tends to prove specific negligence, it is error to submit the case by instructions on general negligence. Further discussion of this well-settled rule is not necessary. [Sanders et ux. v. City of Carthage, 330 Mo. 844, 51 S. W. (2d) 529; Cook v. Union Electric Light & Power Co., 232 S. W. 248; Conduitt v. Trenton Gas & Electric Co., 326 Mo. 133, 31 S. W. (2d) 21.] Our judgment is that the petition in the case at bar charges general negligence; that the evidence tends to prove specific negligence, and that plaintiff's Instruction No. 1, in violation of above rule, erroneously submitted the case to the jury on general negligence. Defendant, bus company, joined in the error by asking and receiving counter instructions on general negligence. Ordinarily we would discuss the contents of the petition, the evidence and the instruction and point out the reason for our conclusion, but we deem it unnecessary to do so in this case because the error, if any, being common to both parties, the result would be the same whether our conclusion is right or wrong.

■ Appellant contends that since it challenged the sufficiency of the evidence by general demurrer, it was entitled to ask and receive instructions the converse of those given for plaintiff and make the best of the situation before the jury. Elkins v. St. Louis Public Service Co., 335 Mo. 951, 74 S. W. (2d) 600, is cited in support of this contention. All we held in the Elkins case was that where a defendant, by general demurrer, challenged the sufficiency of the evidence to make a case for the jury, and that demurrer was overruled, such defendant did not waive his right to challenge the adverse ruling on the demurrer by thereafter requesting and receiving instructions the converse of those given for plaintiff. Note what the defendant does not waive by asking converse instructions. He does not waive the right to *challenge the sufficiency of the evidence to make a case,* but this does not mean if the plaintiff should thereafter

ask and receive erroneous instructions, the defendant may join in the error by asking like instructions without waiving his right to complain of the error on appeal. The Elkins case does not support appellant's contention on this point.

Appellant contends that the court erred in giving Instruction 7-A at the request of its codefendant, Myrtle E. Baldwin. This is a burden of proof instruction. It concludes as follows:

"If, therefore, you find the evidence touching the charge of negligence against the defendant, Myrtle Baldwin, to be evenly balanced, or the truth as to the charge of negligence against the defendant, Myrtle Baldwin, *remains in doubt in your minds* after fairly considering the evidence, your verdict must be for the defendant, Myrtle Baldwin." (Italics ours.)

The effect of this instruction is to tell the jurors that before they can convict the defendant, Myrtle Baldwin, of the charges of negligence lodged against her, the proof must be sufficiently strong to remove any doubt in their minds as to the truth of the charge. Such is the rule in a criminal case, but it has no place in a civil case. Recent decisions of this court have held the giving of such an instruction to be reversible error. [Aly v. Terminal Railroad Assn. of St. Louis, 336 Mo. 340, 78 S. W. (2d) 851, 854-5, and cases cited.] There is no doubt but what the giving of this instruction was error against the plaintiff and in favor of defendant, Myrtle Baldwin, but does the codefendant, bus company, have a right to complain of it? As we understand the rule, the bus company may not complain of the instruction on the ground that it was too favorable to its codefendant, Myrtle Baldwin, or that it prevented a joint verdict against both. But if the instruction was calculated to effect the question of liability of the bus company to plaintiff, the bus company has just cause for complaint. [Barr v. Nafziger Baking Company, 328 Mo. 423, 41 S. W. (2d) 559, 563, and cases cited.]

Was the instruction calculated to affect the question of liability of the bus company to plaintiff? That question may be easily determined by comparing the instruction in question with one given at the request of the bus company. Instruction 11-B, given at the request of the bus company reads as follows:

"The court instructs the jury that, independent of any other issue in the case, if you find and believe from all the evidence that the collision between the motorbus and the automobile of the defendant, Myrtle Baldwin, mentioned in the evidence, was solely caused by the negligence of defendant, Myrtle Baldwin, then the plaintiff cannot recover against the defendant, Red Line Service, Incorporated, and your verdict must be for that defendant."

Under this instruction the defendant, bus company, could acquit itself by proving to the satisfaction of the jury by a preponderance of the evidence that the collision was caused by the sole negligence

of defendant, Myrtle Baldwin, but under defendant, Myrtle Baldwin's, burden of proof of instruction, the bus company would have to prove such fact *beyond a doubt*. The defendant, bus company, had a lawful right to acquit itself by showing to the satisfaction of the jury by a preponderance of the evidence that the collision was due to the sole negligence of defendant, Myrtle Baldwin. The bus company was robbed of that right by the instruction which required the negligence of defendant, Myrtle Baldwin, to be established *beyond a doubt*. At least the instruction was calculated to produce that result. As the instruction was calculated to effect substantial rights of defendant, bus company, that company may complain of the instruction although it was given at the request of its codefendant, Myrtle Baldwin.

Appellant contends (a) that the court erred in permitting plaintiff's counsel to ask Dr. Vosburg hypothetical questions not based on the evidence, (b) erred in failing to reprimand counsel for defendant, Myrtle Baldwin, because of prejudicial argument to the jury, and (c) erred in failing to declare a mistrial because of prejudicial argument to the jury by plaintiff's counsel.

In view of the fact that the case must be reversed and remanded because of the erroneous instruction heretofore discussed, we will not discuss nor determine the contention as to the hypothetical question and argument of counsel. We will say in passing that in event of a retrial of the case, any cause for such contention may be obviated by keeping the hypothetical question within the evidence, and confining argument of counsel to the facts proven and legitimate inferences and deductions which may properly be drawn therefrom.

Other contentions are made concerning the admissibility of evidence, but we do not regard them of sufficient moment to merit discussion.

For the error in giving Instruction 7-A at the request of defendant, Myrtle Baldwin, the judgment is reversed and cause remanded. All concur.