STATE OF MISSOURI at the relation and to the use of WILLIAM T. REEVES, by his Guardian *ad litem*, CHARLES E. MURRELL, JR., Relator, v. HOPKINS B. SHAIN, ROBERT M. REYNOLDS and EWING C. BLAND, Judges of the Kansas City Court of Appeals.—122 S. W. (2d) 885.

Court en Banc, December 20, 1938.

*Henderson & Deacy* and *Murrell & Murrell* for relator.

*Rieger & Rieger* and *E. M. Jayne* for respondents.

TIPTON, C. J.—This case came to the writer on reassignment. Certiorari to the judges of the Kansas City Court of Appeals bringing up the record in the case of Mulanix v. Reeves, reported in 112 S. W. (2d) 100, where a detailed statement of the facts may be found. We condense them.

The facts as found by the respondents are that the Wabash Railway Company operated and maintained a main line of railroad, with side tracks on either side, running north and south through the city

of Kirksville, Missouri, which tracks intersected with and crossed Jefferson Street, which runs east and west. About seven o'clock A. M. of December 11, 1936, the plaintiff, Mulanix, was riding on a low flat-topped trailer car which was being drawn along the main line of the railroad in Kirksville by a railway section gasoline motorcar. As it passed over Jefferson Street, the trailer car was run into by an automobile being driven by the relator. The plaintiff was an employee of the railroad company, and he and other employees were riding on this trailer car, going to their work. When the driver of the gasoline motorcar reached Jefferson Street, he slowed his car almost to a stop just before coming upon the street on account of the approach of an automobile from the east, and he allowed the automobile to cross the railroad track in front of his motorcar and trailer. As soon as the automobile cleared the crossing, the driver of the gasoline motorcar and trailer proceeded south upon and across Jefferson Street, and when the trailer had reached the south edge of Jefferson Street and was ready to go off the street, the relator's car coming from the west, ran into it while it was yet on the south half of the street. There is evidence to the effect that the relator's automobile was not lighted at the time and that it was traveling at a rate of 45 to 50 miles per hour; there is also evidence to the contrary. There is evidence that the motorcar and trailer were going at a rate of between 5 and 8 miles per hour at the time of the accident. There was no light upon either the motorcar or the trailer. The petition charged general negligence. There was a verdict for the plaintiff.

At the request of the plaintiff, the trial court gave an instruction submitting the case on general negligence only. The relator contends that the respondents' ruling holding that the giving of this instruction was not error contravenes our rulings.

The respondents, in ruling this question, said (112 S. W. (2d) l. c. 109):

"The second point made by the defendants on this appeal is that the trial court erred in giving the plaintiff's Instruction No. 1 in that it submitted general negligence only when the proof shows specific negligence; that it required no finding of any affirmative fact essential to the verdict for the plaintiff and did not require a finding upon the particular negligent acts disclosed by the evidence and gave to the jury a roving commission and that it did not hypothesize any facts in evidence necessary to be found by the jury to authorize a recovery.

"It is clear that the petition charged general negligence of such a character as permitted the application of the doctrine or rule of *res ipsa loquitur* if such rule became available upon the facts. It is true that there is some evidence upon the trial to the effect that, at the time of the accident, the defendant William N. Reeves was driving

the car at a rate of speed of 40 to 50 miles per hour and also evidence to the effect that there were no lights on the car. Such facts may be treated, however, as elicited merely as a part of the circumstances attending and surrounding the accident and the plaintiff's injury, upon which circumstances as a whole, together with the character of the accident, the jury was to base any inference of negligence arising upon the defendants' part in accounting for the accident and injury. The accident occurred early in the morning, before the sun was up. There is a confusion in the evidence as to the state of visibility at the time. However, it fairly appears from all of the evidence that it was sufficiently light for an object to be readily seen. The case seems to have been tried by all parties upon the *res ipsa loquitur* theory. There was no objection made by the defendants to the evidence, when offered, as to the rate of speed at which the defendants' car was traveling at the time of the accident or to the evidence tending to show whether or not his car had lights on it. There was no motion by the defendants to require the petition to be made more definite and certain. If there was error in the plaintiff's Instruction No. 1, the defendants joined in such error by Instruction No. 1 given in their behalf and upon their request, which is as follows: 'The court instructs the jury that the charge of negligence made by the plaintiff against the defendants in this action must be proved to the satisfaction of the jury by the preponderance of the evidence. The jury have no right to presume negligence and if the evidence does not preponderate in favor of plaintiff, then your verdict should be for the defendants.' The negligence referred to in this instruction was the negligence charged in the plaintiff's petition, which was general negligence. The defendants requested no instruction submitting any specific act of negligence, in evidence, but submitted the case wholly on the general negligence charged in the petition, as did the plaintiff's instruction. Having done so, they cannot complain of the plaintiff's Instruction No. 1, even though erroneous. [Smart v. Kansas City, 208 Mo. 162, 105 S. W. 709, 14 L. R. A. (N. S.) 565, 123 Am. St. Rep. 415, 13 Ann. Cas. 932; Lange v. Missouri Pac. Railroad Co., 208 Mo. 458, 106 S. W. 660; Vogelsang v. Board of Education of City of Cape Girardeau (Mo. App.), 231 S. W. 645; Spencer v. Quincy, O. & K. C. Railroad Co., 317 Mo. 492, 297 S. W. 353; Mead v. South Side Bank (Mo. App.), 14 S. W. (2d) 664; Amos v. Fleming, 221 Mo. App. 559, 285 S. W. 134; Shoemaker v. Adair County Coal Co. (Mo. App.), 255 S. W. 350.]''

There is no doubt that the relator's contention is correct in that if the plaintiff's petition pleads general negligence and the plaintiff's evidence shows specific negligence, it is error for the case to be submitted to the jury on general negligence. We have repeat-

edly so ruled. [Allen v. Mo. Pac. Ry. Co., 294 S. W. 80; Sanders v. City of Carthage, 330 Mo. 844, 51 S. W. (2d) 529; Powell v. St. Joseph Ry., Light, Heat & Power Co., 336 Mo. 1016, 81 S. W. (2d) 957; Watts v. Moussette, 337 Mo. 533, 85 S. W. (2d) 487; Annin v. Jackson, 340 Mo. 331, 100 S. W. (2d) 872.] And we have repeatedly ruled that an instruction which directs a verdict for a plaintiff and omits disputed facts essential for his recovery is not cured by other instructions which contain the omitted facts. [Connole v. East St. Louis & S. Ry. Co., 340 Mo. 690, 102 S. W. (2d) 581; Hall v. Manufacturers' Coal & Coke Co., 260 Mo. 351, 168 S. W. 927.]

▇ Assuming, without deciding, that because there was some evidence that relator drove the automobile at a rate of speed of 45 to 50 miles per hour that it was shown specifically how the accident occurred, we still do not believe the ruling of the respondents contravenes any of the above decisions, for the reason that the respondent's based their ruling on the fact that both parties tried the case in the trial court on the theory that it was a general negligence case. The respondents found that the relator did not file any motion to make the plaintiff's petition more definite and certain, though it charged only general negligence, and, also, because the relator asked an instruction on general negligence, therefore, joining in the error, if any. He asked and the trial court gave an instruction which told the jury that the jury must find that ''the charge of negligence made by the plaintiff against the defendants in this action must be proved by the preponderance of the evidence.'' The charge of negligence referred to in this instruction can only mean the negligence charged in the plaintiff's petition, which was a charge of general negligence. The jury were told by this instruction that they must find general negligence by the preponderance of the evidence favorable to the plaintiff, and if they did not do so, then their verdict must be for the defendants. We do not agree that this is solely an instruction on the burden of proof. The respondents also found that the relator not only joined in the same issue, but did not ask any instructions on specific negligence.

As previously stated, we do not think that the respondents' ruling conflicts with any of our previous rulings, but, on the contrary, we believe it follows our recent ruling in the case of Grimes v. Red Line Service, Inc., 337 Mo. 743, 85 S. W. (2d) 767. In ruling that case, we said (l. c. S. W. (2d) 769):

''Appellant contends that the court erred in giving plaintiff's Instruction No. 1. The complaint against this instruction is that it erroneously submitted the case to the jury on general negligence when the evidence tended to prove specific acts of negligence showing exactly what caused the collision. Plaintiff contends that the in-

struction does not submit the case to the jury under the doctrine of *res ipsa loquitur.*

"Although a petition charges general negligence, if the evidence tends to prove specific negligence, it is error to submit the case by instructions on general negligence. Further discussion of this well-settled rule is not necessary. [Sanders et ux. v. City of Carthage, 330 Mo. 844, 51 S. W. (2d) 529; Cook v. Union Electric Light & Power Co. (Mo. App.), 232 S. W. 248; Conduitt v. Trenton Gas & Electric Co., 326 Mo. 133, 31 S. W. (2d) 21.] Our judgment is that the petition in the case at bar charges general negligence; that the evidence tends to prove specific negligence, and that plaintiff's Instruction No. 1, in violation of above rule, erroneously submitted the case to the jury on general negligence. Defendant bus company joined in the error by asking and receiving counter instructions on general negligence. Ordinarily we would discuss the contents of the petition, the evidence, and the instruction and point out the reason for our conclusion, but we deem it unnecessary to do so in this case because the error, if any, being common to both parties, the result would be the same whether our conclusion is right or wrong."

From what we have said, it follows that our writ of certiorari was improvidently issued and should be quashed. It is so ordered. All concur.