42

Mary Venditti, Appellant, v. St. Louis Public Service Company, a Corporation, Respondent, No. 41410—226 S. W. (2d) 599.

Division Two, January 9, 1950.

Motion for Rehearing or to Transfer to Banc Overruled, February 13, 1950.

*Miller & Landau, Louis E. Miller* and *B. Sherman Landau* for appellant.

*Mattingly, Boas & Richards* and *Lloyd E. Boas* for respondent.

44

 BOHLING, C.—Mary Venditti recovered a judgment of $12,750 against the St. Louis Public Service Company, a corporation, for personal injuries sustained as the result of a collision between two of defendant's busses. Plaintiff pleaded and by her sole verdict directing instruction submitted her cause on general negligence on the part of the defendant, a res ipsa loquitur submission. However, the trial court awarded defendant a new trial on the ground plaintiff's said instruction was improper and prejudicial in that plaintiff's evidence established the specific negligence of the defendant causing plaintiff's injuries. Plaintiff appealed.

Plaintiff was injured about one o'clock on the morning of June 22, 1948. It was dark, had been raining and was still misting. She was going home from work, riding defendant's southbound Lee bus on Twentieth street. Defendant's Page-Wellston bus was traveling west on Washington avenue. The two busses collided at the intersection of Twentieth and Washington. There was an automatic traffic light at that intersection.

Plaintiff testified she did not actually see the collision; that she was not awake at the time, and that the first she remembers was that she was standing on the pavement and a policeman was assisting her.

She put on the stand as her witnesses Ralph Petentler, the operator of the Lee bus, and Gerhardt F. Wilson, the operator of the Page-Wellston bus. Neither of these men was in the employ of the defendant at the time of the trial.

Petentler testified: On this particular trip there was no occasion for the Lee' bus to stop at the intersection to pick up or discharge passengers. It approached the intersection at a speed of eight to ten miles an hour, say ten miles an hour, and when the Lee bus was within thirty to forty feet of the intersection the traffic signal turned to ''green'' and Petentler proceeded to cross the intersection. And: ''All of a sudden when I had about fifteen feet to stop, the Page-Wellston bus shot right across in front of me, and I was unable to stop. I hit him about in the center of the right-hand side.'' Witness could not see the east-west traffic signal.

Gerhardt F. Wilson testified that he was twenty-six years of age; that at the time of the accident the street was slick from the rain and mist; that he was operating the bus at a speed of fifteen to twenty miles an hour as he approached the intersection; that a building on the northeast corner obstructed his view north on Twentieth street; that when he guessed he was about thirty or forty feet from the intersection, the light turned ''amber''; that the next traffic signal was a ''green'' light for northbound traffic on Twentieth street, to be followed by a ''green'' light for southbound traffic on Twentieth street; that he did not see the traffic signal for southbound traffic; that he saw the Lee bus, twenty-five to thirty feet away as he got to the corner and, knowing he could not stop in time to avoid an accident on account of the street being slick, he ''gunned the engine'' and went through the stop sign to get out of the way.

Plaintiff says the ''basic fundamentals'' of the res ipsa loquitur doctrine sustain her instruction; and that the court erred in granting a new trial on the ground she established the specific negligence of the defendant causing her injuries. She stresses Price v. Metropolitan St. Ry. Co., 220 Mo. 435, 453(II), 456(b), 119 S. W. 932, 936(2), 937(b), 132 Am. St. Rep. 588; Stauffer v. Metropolitan St. Ry. Co., 243 Mo. 305, 325, 326, 147 S. W. 1032, 1038[11]; Mueller v. St. Louis Pub. Serv. Co., 358 Mo. 247, 214 S. W. 2d 1; Kinchlow v. Kansas City, K. V. & W. Ry. Co. (Mo.), 264 S. W. 416, 420[1-3].[1] Plaintiff's cases stem from Price v. Metropolitan St. Ry. Co., supra.

[1]Plaintiff also relies, among others, upon Fowlkes v. Fleming, 322 Mo. 718, 17 S. W. 2d 511, 513[1]; Whitaker v. Pitcairn, 351 Mo. 848, 174 S. W. 2d 163, 168; Zichler v. St. Louis Pub. Serv. Co., 332 Mo. 902, 59 S. W. 2d 654, 658[14, 15].

In the leading case of McCloskey v. Koplar[2] we said, insofar as material to the instant issue, "the doctrine res ipsa loquitur does not apply except when (a) * * * (c) and the defendant possesses superior knowledge or means of information as to the cause of the occurrence." The doctrine is based in part upon the consideration that plaintiff is not in a position to show the particular circumstances which caused the injuries while defendant, having the management and control of the instrumentalities involved, should possess the information essential to establishing the cause of the accident.[3] It is a rule of evidence relating to the method, rather than the burden, of establishing the negligence.[4] It excuses lack of precision in the proof of negligence, and in appropriate instances allows a prima facie inference of negligence against defendant without proof of ■ specific acts of negligence and casts the burden of going forward with the evidence upon the defendant.[5] It does not permit an inference as to what act produced the injury. The permissible inference is that a known act producing an injury was a negligent act. Negligence cannot be predicated upon an act until that act is known.[6] Ordinarily, a plaintiff may not place such burdens upon a defendant by merely showing himself to be ignorant of the facts and that defendant should know the facts. An unlimited application of that reasoning would place too powerful a weapon in ignorance. Consequently, the rule is of restricted scope, to be applied in peculiar and exceptional cases where the demands of justice make its application essential.[7] The reason for the rule is to be found in the particular case before plaintiff may invoke its application, and plaintiff should act in good faith in presenting all the evidence reasonably within his power.[8]

---

[2]329 Mo. 527, 46 S. W. 2d 557, 559(2) et seq. See Myers v. Moore (Mo. App.), 217 S. W. 2d 291, 294[2]; Scott v. The London & St. K. Docks Co., 159 Eng. Rep. 665, 34 L. J. Exch. 220, 13 L. T. 148; 45 C. J. 1193, §§ 768 et seq.; 38 Am. Jur. 989, §§ 295 et seq.; 9 Wigmore on Evidence (3d Ed.) 377, § 2509.

[3]45 C. J. 1205, § 773; 38 Am. Jur. 995, § 299.
[4]Tayer v. York Ice Machinery Corp., 342 Mo. 912, 119 S. W. 2d 240. 244; Gordon v. Muehling Packing Co., 328 Mo. 123, 40 S. W. 2d 693, 696.
[5]McCloskey v. Koplar, supra, note 2; Turner v. Missouri-K.-T. R. Co., 346 Mo. 28, 142 S. W. 2d 455, 460; Meade v. Missouri Water & S. S. Co., 318 Mo. 350, 300 S. W. 515, 517[2]; 45 C. J. 1196, §§ 769, 770.

[6]Semler v. Kansas City Pub. Serv. Co., 355 Mo. 388, 196 S. W. 2d 197, 200; Charlton v. Lovelace, 351 Mo. 364, 173 S. W. 2d 13.

[7]45 C. J. 1200, n. 10. See Smith v. Missouri Pac. Ry. Co., 113 Mo. 70, 82, 20 S. W. 896, 899.

[8]Meade v. Missouri Water & S. S. Co., 318 Mo. 350, 300 S. W. 515, 518[4]; Pronnecke v. Westliche Post Pub. Co., 220 Mo. App. 640, 648, 291 S. W. 139, 141; Bradshaw v. Lusk, 195 Mo. App. 201, 206, 190 S. W. 400, 402; Cass v. Sanger, 77 N. J. L. 412, 414, 71 Atl. 1126; Bahr v. Lombard, Ayres & Co., 53 N. J. L. 233, 241, 21 Atl. 190, 192; Losie v. Delaware & H. Co., 142 App. Div. 214, 126 N. Y. S. 871; 45 C. J. 1205, §§ 773, 774.

Missouri is committed to the proposition that a plaintiff, having a res ipsa loquitur situation, who pleads the specific negligence causing his injuries is precluded from invoking the rule.[9] That issue is somewhat analogous to the present issue. In the one instance plaintiff admits by his pleading and in the other he demonstrates by the evidence he adduces that he has access to and knows the specific negligence causing his injuries, and that the necessity giving rise to the public policy creating an exception to the general rule for proving specific negligence does not exist in the case.[10]

The rule originates from the nature of the act and not from the relationship between the parties.[11] It finds chief application in cases of passengers against carriers.[12] Common carriers are required to exercise the highest degree of care for the safety of their passengers. However, they are not insurers or subject to absolute liability in this respect.[13] The gist of a passenger's cause of action remains negligence and: He who asserts has the burden.[14]

In plaintiff's case of Price v. Metropolitan St. Ry. Co., 220 Mo. l. c. 456(b), 119 S. W. l. c. 937(b), the carrier contended that the passenger waived the res ipsa rule because she "put in proof of some specific acts of negligence." The court ruled such action "* * * does not lose her the right of ▮▮▮ resting upon the presumption, if the evidence so introduced does not clearly show what did cause the accident." See the statement in 93 A. L. R. 610. The contrary is true if plaintiff makes a submissible issue of the specific negligence causing the injuries. See cases infra, and 38 Am. Jur. 995, §§ 299, 303; 45 C. J. 1206, § 774. The holding in the Price case, as well as others, that defendant had the burden of proof to rebut the presumption of negligence and establish it was not guilty of negligence, no doubt influenced some of the remarks therein bearing on the instant issue; but that holding was refuted in McCloskey v. Koplar, 329 Mo. l. c. 537, 46 S. W. 2d l. c. 561.

It is said in the late case of Hill v. St. Louis Pub. Serv. Co., 359 Mo. 220, 221 S. W. 2d 130, 133: "Appellant relies upon the well

---

[9]Pointer v. Mountain Ry. Const. Co., 269 Mo. 104, 189 S. W. 805, 808, and Missouri cases in Annotations, 79 A. L. R. 48, 51; 160 A. L. R. 1450, 1453; 24 L. R. A. (N. S.) 788, 792; L. R. A. 1915 F, 992, 993.

[10]Cf. Roscoe v. Metropolitan St. Ry. Co., 202 Mo. 576, 588, 101 S. W. 32, 34[1].

[11]Gordon v. Muehling Packing Co., supra, note 4; Southland Greyhound Lines v. Frausto (Tex. Civ. App.), 69 S. W. 2d 497, 500; 45 C. J. 1208, § 776; 38 Am. Jur. 999, § 302.

[12]Powell v. St. Joseph Ry. L. H. & P. Co., 336 Mo. 1016, 1020, 81 S. W. 2d 957, 960.

[13]Stauffer v. Metropolitan St. Ry. Co., 243 Mo. 305, 317, 147 S. W. 1032, 1035; 13 C. J. S. 1253 et seq.; 10 Am. Jur 361 et seq.

[14]McCloskey v. Koplar, supra, note 2; Turner v. Missouri-K.-T. R. Co., supra, note 6; Charlton v. Lovelace, supra, note 7.

established rule that, although a petition charges general negligence, if the evidence shows the precise and specific negligence which caused the injury, it is error to submit the case by instructions on general negligence. Williams v. St. Louis-S. F. R. Co., 337 Mo. 667, 85 S. W. 2d 624, 636; Belding v. St. Louis Pub. Serv. Co., En Banc, Mo. Sup., 215 S. W. 2d 506, 510, Appellant cites Grimes v. Red Line Service, 337 Mo. 743, 85 S. W. 2d 767, 769[1], and other cases where the words 'if the evidence *tends to prove* specific negligence,' are used. (Italics ours.) In view of later decisions it is clear that such evidence must be sufficient to make a submissible issue of the specific negligence shown.'' Also: '' 'The plaintiff is bound by his evidence in a res ipsa case just as he would be in any ordinary negligence action and cannot in effect say to the jury, ''I have shown you exactly how the accident occurred but you are, nevertheless, still at liberty to speculate and presume it may have happened some other way.'' Conduitt v. Trenton Gas & Electric Co., 326 Mo. 133, 31 S. W. 2d 21, 25, and cases there collected and cited.' Powell v. St. Joseph Ry. L. H.·& P. Co., 336 Mo. 1016, 81 S. W. 2d 957, 960.'' This is logical if the rule merely shifts the burden of going forward with the evidence to a defendant. Among other like cases are: Berry v. Kansas City Pub. Serv. Co., 343 Mo. 474, 121 S. W. 2d 825; Hoeller v. St. Louis Pub. Serv. Co. (Mo. App.), 199 S. W. 2d 7, 12; Stubblefield v. Federal Reserve Bk., 356 Mo. 1018, 204 S. W. 2d 718, 720[3]. Plaintiff's cases recognize the principle in their discussions.

Witnesses Petentler and Wilson for some time prior to the trial had ceased to be employees of the defendant. Their testimony covered the facts of the cause of the instant collision. It cannot be said successfully that plaintiff did not make a submissible issue of specific negligence against defendant. Under the basic fundamentals of the res ipsa loquitur doctrine and the Missouri authorities plaintiff's instruction submitting general negligence constituted error.

■ Plaintiff claims that defendant's answer in denying generally plaintiff's charges that defendant owned and operated the busses involved and that they collided was in contravention of Laws 1943, p. 370, § 39; Mo. R. S. A., § 847.39, relating to the pleading of defenses and admissions; and that thereby defendant wrongfuly cast upon plaintiff the unnecessary burden of proving said facts. A ruling thereon is not essential to the issue discussed and determinative of this review; viz.: Whether plaintiff's proof of the specific negligence causing her injuries precluded a recovery under the res ipsa loquitur rule. Plaintiff recognizes this in the brief filed here. The statement in the record of defendant's counsel that he had admitted the collision in Chambers is not controverted. We pass the issue to await a case wherein its discussion may have weight in the determination of the review.

Plaintiff says that she was entitled to a directed verdict on the issue of liability, and the error in the instruction could not prejudice defendant. Defendant offered no evidence on said issue and admitted that a collision occurred between its two busses. However, this is not a judicial admission that the testimony adduced by plaintiff establishing the specific negligence causing her injuries was true. In the circumstances the credibility of plaintiff's witnesses establishing the specific acts of negligence was for the jury. Cluck v. Abe, 328 Mo. 81, 40 S. W. 2d 558; Schroeder v. Chicago & A. Rd. Co., 108 Mo. 322, 326, 18 S. W. 1094, 1095, 18 L. R. A. 827; Wiener v. Mutual Life Ins. Co., 352 Mo. 673, 680, 179 S. W. 2d 39, 43.

Furthermore, in the instant case, the order granting defendant a new trial explicitly stated plaintiff's said instruction "was improper and prejudicial under the law and evidence applicable to this case." It is evident the court considered, in addition to the instruction being legally erroneous, that plaintiff secured an unfair advantage and defendant was prejudiced by the giving of the instruction. Otherwise, the court, as it was authorized to do (Laws 1943, p. 388, § 115; Mo. R. S. A., § 847.115), would have restricted the issue upon the retrial to defendant's liability and would not have ordered a new trial upon the whole case. We can readily perceive how prejudice could arise. The submission permitted plaintiff to argue the case made on specific negligence, which removed the allowable inference of negligence generally, and, under the instruction, general negligence of defendant. Take also, for instance, the damages awarded. Plaintiff prayed for $12,790 damages. The jury awarded her $12,750, which defendant strenuously claims to be excessive for the injuries established. The court did not restrict its order granting a new trial to errors of law but, considering all the facts of the trial, concluded defendant had been prejudiced by the erroneous submission. Appellate courts are more liberal in upholding an order granting a new trial than in reversing and remanding a cause, especially in instances, as here, where the order involves the exercise of a judicial discretion on the part of the trial court. Arnold v. Alton Rd. Co., 343 Mo. 1049, 124 S. W. 2d 1092, 1095[4], citing cases: Reichmuth v. Adler, 348 Mo. 812, 155 S. W. 2d 181, 182[1, 2]. The point is overruled.

The order granting a new trial is affirmed and the cause is remanded. *Westhues* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.