**David E. GATES, by his next friend Earl J. Gates, Appellant,**

**v.**

**John TAUCHEN, a minor, Respondent.**

**No. 57258.**

Supreme Court of Missouri, Division No. 1.

July 16, 1973.

Perry M. Cortner, Kansas City, Melvin E. Griffin, Griffin & Griffin, Cameron, for appellant.

Somerville, Cleaveland & Macoubrie, Ronald L. Somerville, Chillicothe, for respondent.

SEILER, Judge.

Plaintiff, relying on the doctrine of res ipsa loquitur, appeals from the trial court's

dismissal of his first amended petition for $100,000 damages because he refused to make a more definite statement. Since the appeal was pending here on January 1, 1972, we have jurisdiction based on the amount in controversy.

The sole issue on appeal is whether plaintiff's petition was sufficient to plead a cause of action based on res ipsa loquitur. Plaintiff alleges that he and the defendant were walking on a farm and defendant had an automatic shotgun which he negligently and carelessly caused or permitted to discharge, causing serious injury to plaintiff; that plaintiff is wholly without knowledge as to the cause of the discharge and does not know what caused the gun to discharge; that the gun and the mechanics thereof were exclusively under the management and control of défendant; that defendant possesses superior knowledge or means of information as to the cause or causes of the discharge of the gun; that the occurrence does not ordinarily happen if the one in charge uses due care; and that plaintiff's injuries were the direct and proximate result of the aforesaid acts.

This is a classic example of the situation where res ipsa loquitur is used and plaintiff's petition was sufficient. McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557, 558 (banc 1932); Walsh v. Phillips, 399 S.W. 2d 123 (Mo.1966); Brown v. Bryan, 419 S.W.2d 62, 63 (Mo.1967). McLaughlin v. Marlatt, 296 Mo. 656, 671, 246 S.W. 548, 553 (1922) states " . . . the accidental discharge of a gun in the hands of one person, whereby damage is inflicted upon another, would under some circumstances be presumptive evidence of negligence, sufficient to take the case to the jury . . . ." This is still the law, but the *presumption* in the above quote must be changed to an *inference* in light of McCloskey v. Koplar, supra 46 S.W.2d at 563 and Harke v. Haase, 335 Mo. 1104, 75 S. W.2d 1001, 1004 (1934).

Defendant accepts the general rule concerning res ipsa loquitur but maintains the rule is not applicable in this case. Defendant points to the allegations in the petition that defendant had the trigger part of the gun in his hand while following plaintiff in climbing an embankment, and the allegations that the injuries to plaintiff when the gun discharged were to plaintiff's right front chest and right side, which, he asserts, means plaintiff had to be facing defendant when the discharge occurred. Defendant says these allegations show conclusively that plaintiff had as much knowledge as defendant about the cause of the occurrence, so that the "superior knowledge" element is missing and hence the doctrine is excluded. Defendant, however, misconceives the res ipsa loquitur doctrine.

As said in Fellows v. Farmer, 379 S.W. 2d 842, 848 (Mo.App.1964): " 'It is stated . . . that the real reason for the [res ipsa] rule lies in the fact that the cause of injury is usually known by defendant and unknown to the plaintiff, and that when the reason for the rule fails the rule becomes inoperative . . . That theory may be one of the reasons for the rule, but it is not the basic cause for its adoption. The true reason is found in the rule itself, in that the act complained of, or the thing, speaks for itself. It is therefore not the matter of the defendant's ability to speak, but the fact that the act itself speaks.' "

The matter is well put in Prosser on Torts (4th Ed.), p. 225, as follows: "It is difficult to believe that this factor [referring to evidence of the true explanation of the accident being more accessible to the defendant than to the plaintiff] ever can be controlling, or more than at best a makeweight. If the circumstances are such as to create a reasonable inference of the defendant's negligence, it cannot be supposed that the inference would ever be defeated by a showing that the defendant knew nothing about what had happened; and if the facts give rise to no such inference, a plaintiff who has the burden of proof in the first instance could scarcely make out a

case merely by proving that he knew less about the matter than his adversary."

Often the concept of superior knowledge is merged with control, as in Niman v. Plaza House, Inc., 471 S.W.2d 207, 213 (Mo. banc 1971), or it can be implicit in the requirement of management and control in the defendant, as in Brown v. Bryan, supra 419 S.W.2d at 67 and Epps v. Ragsdale, 429 S.W.2d 798, 802 (Mo.App. 1968), which is consistent with the foregoing analysis as to the import of knowledge in res ipsa cases.

Defendant relies on Venditti v. St. Louis Public Service Co., 360 Mo. 42, 226 S.W.2d 599 (1950) and Powell v. St. Joseph Ry. Light and Power Co., 336 Mo. 1016, 81 S. W.2d 957 (1935), but neither case is of any assistance to defendant here. Both contained sufficient petitions alleging the doctrine of res ipsa loquitur, but the evidence in each *at trial* foreclosed its use. In Venditti, plaintiff did not see the accident, but presented both bus drivers, who were no longer employed by the company, in her case in chief and their testimony showed the specific negligent act which caused the accident. If one pleads res ipsa loquitur, but then proves the specific negligence which caused the injury, one cannot rely on an instruction which permits the jury to speculate, based on the probabilities, what the negligence was. In Powell, plaintiff's own testimony showed that she saw and observed the cause of the accident. She testified the bus stopped in the middle of the intersection and was struck; res ipsa loquitur was thus precluded by her own testimony. In both cases plaintiffs showed by their own evidence the specific cause of the occurence and hence res ipsa did not apply.

The petition before us by no means conclusively shows that plaintiff had sufficient knowledge of the occurrence to prove specific negligence, and since the case is still in the pleading stage, we will not speculate as to what facts will come out on trial and thus will not commit ourselves beyond res ipsa before the evidence is presented.

 Plaintiff has pleaded that he had no knowledge of the cause of the occurrence. Defendant knew or should have known the cause since it is alleged he had exclusive control of the instrumentality. Plaintiff could not have more specifically pleaded and retained his theory of action.

The order of the trial court dismissing the petition is reversed and the cause remanded with directions to overrule the motion to make more definite and certain and for further proceedings not inconsistent herewith.

All of the Judges concur.