**Todd PARKER, Plaintiff-Respondent,**

v.

**Larry ROSZELL, Defendant-Appellant.**

**No. 42702.**

Missouri Court of Appeals,
Eastern District,
Division No. 2.

May 12, 1981.

Appellant's Request for Oral Reargument On Motion for Rehearing and Motion for Rehearing or Transfer to Supreme Court Denied June 12, 1981.

Application to Transfer Denied
July 14, 1981.

Albert C. Lowes, Buerkle, Lowes & Beeson, Thomas Ludwig, Jackson, for defendant-appellant.

Charles W. Medley, Farmington, for plaintiff-respondent.

WEIER, Judge.

Plaintiff Todd Parker filed suit against the defendant Larry Roszell for personal injuries when hit by a bullet fired from a high-powered rifle by the defendant. Upon trial to a jury, the jury returned a defendant's verdict. The court granted plaintiff a new trial without specifying any of the grounds set forth in plaintiff's motion for

new trial. It thereupon devolved upon plaintiff to file the first brief on appeal. Rule 84.05(b).

Plaintiff's injuries were sustained as the result of a deer hunting accident. On that day plaintiff, age fifteen years, his father, the defendant and another person drove to a hilly wooded area in a truck. Defendant was let out near a pond and plaintiff was assigned a tree stand some distance away. Later that same morning plaintiff left his stand to join his father. While he was walking defendant fired his rifle at a deer and the bullet struck plaintiff who was, according to defendant's estimate, about 120 yards away.

The plaintiff, to sustain the court's action in granting him a new trial, relies upon instructional error and contends that defendant's contributory negligence instruction failed to define the term negligence as it applied to a minor plaintiff. Or in the alternative if it can be construed that a definition of negligence instruction was given with respect to this contributory negligence instruction, it incorrectly set out the standard of care required of a minor plaintiff. Plaintiff further contends the trial court correctly granted a new trial to him because there was no substantial evidence to support the defendant's assumption of risk instruction. For the reasons hereinafter given, we affirm the action of the trial court in sustaining plaintiff's motion for new trial.

We first consider the contention of error directed to the court's failure to define the term "negligence" in light of the standard of care required of a minor. At the trial conference preceding the giving of instructions, plaintiff tendered a verdict-directing instruction hypothesizing the negligence of the adult defendant. Plaintiff also tendered an instruction defining "negligence" as the failure to use the degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances. It was identical to MAI 11.-02(I). The defendant offered a contributory negligence instruction but this instruction contained no definition of contributory

negligence as it applied to a minor plaintiff set out in MAI 11.04. In giving the instructions plaintiff's verdict director was numbered three and the definition instruction numbered seven. Number seven followed an assumption of risk instruction. Plaintiff challenges the failure of defendant to tender and the failure of the court to give MAI 11.04. This instruction defines "negligence" as the failure to use that degree of care that an ordinarily prudent boy or girl of the same age, capacity and experience would use under the same or similar circumstances. Thus, although contributory negligence was submitted by defendant, no definition of the term "negligence" applicable to the minor plaintiff was given by the court. As pointed out in *Meier v. Geile*, 479 S.W.2d 214, 216 [4] (Mo.App.1972) when the term "negligence" is used in a verdict-directing instruction, it should be defined. Without such a definition, the verdict director would give the jury a roving commission. When the term is directed toward the acts of a minor, MAI 11.04 contains the correct definition. For this omission, the trial court should be sustained in its action in granting plaintiff a new trial.

Defendant has contended that the use of the one instruction defining negligence as it applies to an adult was invited error on the part of the plaintiff since the plaintiff prepared and tendered this instruction. This apparently assumes the one instruction, number seven, would be applicable as a standard to the conduct of both parties. Defendant overlooks the requirement that in giving its contributory negligence instruction, it failed to tender a proper instruction defining the negligence of a minor plaintiff. MAI 11.04, Notes on Use. As to the use of MAI 11.04 in connection with contributory negligence instructions involving minor parties, *see Callaway v. Lilly*, 605 S.W.2d 155, 158 (Mo.App.1980); *Dorrin v. Union Electric Company*, 581 S.W.2d 852, 856 [3, 4] (Mo.App.1979).

Because the case must be tried again, we consider the trial court error charged in giving the assumption of risk instruction not in MAI. This instruction was based

upon a hypothesis that the plaintiff left his hunting position and cut through the wooded and brushy area adjacent to defendant's hunting position and the further submission that plaintiff was aware of the risk involved, that he voluntarily and knowingly left his position and thereby assumed the risk of injury.

We do not believe that an assumption of risk instruction should be given in this case. Fire arms, particularly rifles used in deer hunting, may be considered dangerous but this is not sufficient to give the plaintiff knowledge of a complete and certain danger to which he was subjecting himself. The danger only existed if the fire arm was discharged and it was pointed toward plaintiff. One does not go hunting with the thought that he is to be the hunted. It may be a dangerous sport but this is normally due to the possibility of human error and the dangerous instrumentalities being used. It does not mean a hunter assumes the risk of being shot merely because he participates in that activity. Assumption of risk is based upon a voluntary consent, express or implied, to accept a danger of a known and appreciated risk. It does not include the acceptance of risk of any negligence which the injured person does not know and appreciate. *Turpin v. Shoemaker*, 427 S.W.2d 485, 489–492 (Mo. 1968).

Plaintiff also complained of the use of the word "adjacent" in the assumption of risk instruction. Because we have already held the instruction should not be used in this case on retrial, it is unnecessary to address this subject.

We turn now to the contention of defendant that his motion for directed verdict filed at the close of all the evidence and renewed after the jury verdict should have been sustained on the ground that plaintiff's petition did not state a claim upon which relief could be granted. The thrust of defendant's argument is directed to the failure of plaintiff to allege that defendant knew or should have known of plaintiff's position of peril at the time the shot was fired and there were thus no facts suffi-

cient to give rise to an inference of negligence. The defendant further complains that plaintiff produced evidence on specific acts of negligence thus refuting the allegations of general negligence in plaintiff's petition. This occurred, he maintains, when plaintiff testified the defendant looked directly at him and shot him. This, so defendant contends, makes a case of specific negligence of failure to keep a careful lookout.

Plaintiff in his petition alleged general negligence, basing his cause on the doctrine of res ipsa loquitur. Res ipsa loquitur applies when "(a) the occurrence resulting in injury was such as does not ordinarily happen if those in charge used due care; (b) the instrumentalities involved were under the management and control of the defendant; and (c) the defendant possesses superior knowledge or means of information as to the cause of the occurrence." *McCloskey v. Koplar*, 329 Mo. 527, 46 S.W.2d 557, 559 (1932). In *Gates v. Tauchen*, 497 S.W.2d 183 (Mo.1973) which turned on whether the petition stated a cause of action, plaintiff alleged the defendant had the trigger part of the gun in his hand while following plaintiff in climbing an embankment and the injuries to plaintiff when the gun discharged were to plaintiff's right front chest and right side. There, defendant maintained, plaintiff had to be facing defendant when the discharge occurred. The defendant further contended the plaintiff had as much knowledge as the defendant about the cause of the occurrence so that the element of superior knowledge was missing. The court reversed the trial court's order dismissing the petition holding that the theory of the defendant misconceived the res ipsa loquitur doctrine. The opinion points out that it has frequently been stated the reason for the rule lies in the lack of knowledge by the plaintiff as to the cause of injury and knowledge by the defendant. But this is not the basic cause for the adoption of the rule. Just as the name of the doctrine implies, the real reason is the act speaks for itself.

A person who is armed with a gun has that gun exclusively in his management and control. If defendant saw plaintiff and yet pulled the trigger and fired the gun in plaintiff's direction, defendant would have known that plaintiff was in a position of danger. Here plaintiff testified he saw defendant before the shot was fired; yet defendant denies he say plaintiff. No one knows better than the defendant why he shot the gun that injured the plaintiff. The question as to whether the act of the defendant, if negligent, caused injury to the plaintiff was up to the jury to decide. The jury could have found that defendant was negligent in failing to keep a careful lookout; yet it could also have found that the act might have been the result of some other negligence on the part of the defendant. It was defendant's duty to explain why he was not negligent under the facts of the case. As is pointed out by plaintiff, the gun could have been discharged accidentally. Defendant may not have seen plaintiff and yet fired at an object or sound which he took to be that of a deer in the wooded area. Defendant's vision could have been obstructed so he could have mistaken plaintiff for a deer. It is our conclusion that the doctrine of res ipsa loquitur applies and the alleged negligence of defendant could be pleaded generally.

For the reasons heretofore given, we affirm the action of the trial court in sustaining the motion of plaintiff for a new trial. We further affirm the action of the trial court in denying the motion for directed verdict notwithstanding the verdict.

PUDLOWSKI, P. J., and GUNN, J., concur.